JEWETT et al. v. YARDLEY.

(Circuit Court, E. D. Pennsylvania. April 6, 1897.)

BANKS—INSOLVENCY—TRUST DEPOSIT.

Where a depositor in a bank obtains from it two drafts upon another bank, paying therefor by checks against his deposit, the relation between the bank and the depositor with respect to such drafts remains that of debtor and creditor, and is not changed to a fiduciary relation, entitling the depositor, upon the bank becoming insolvent before the drafts are paid, to have the assets in the hands of its receiver applied by preference to the payment of such drafts in full.

This was a case stated, filed by agreement of the parties, to be of the same force and effect as if the facts set out had been found by the court in an equity proceeding.

From the case stated it appeared that on May 5 and 6, 1891, the plaintiffs, who were depositors with the Spring Garden National Bank, purchased from it two drafts, one for $1,092.98 and the other for $1,049.69, drawn upon the Hanover National Bank of New York, in favor of Swift & Co. of Chicago; that plaintiffs paid for these drafts by checks drawn against moneys previously deposited by them with the Spring Garden Bank; that the drafts were sent by plaintiffs to Swift & Co. at Chicago, and were by the latter's agent, the Metropolitan National Bank of Chicago, presented for payment to the Hanover National Bank on May 11, 1891. The Spring Garden National Bank failed on May 8, 1891. Payment of these drafts was refused by the Hanover National Bank, it having previously appropriated, on May 8, 1891, the funds of the Spring Garden National Bank in its hands to the payment of the debt due from that bank to itself. At all times from the time of the making of the draft to

the time of its failure, the Spring Garden National Bank had in its hands more than the amount of the drafts in cash, and more than that amount on deposit to plaintiffs' credit; and this amount of cash was turned over to the receiver. Subsequent to the failure of the bank, upon suit by the receiver against the plaintiffs, the latter claimed and were allowed, on a trial by jury, a set-off which included the amount of these two drafts.

Joseph Leedom, for complainant.

Read & Pettit, for defendant.

DALLAS, Circuit Judge. There are neither pleadings nor proofs in this case, but a "case stated" has been agreed upon and filed, which counsel have desired me to deal with as if the facts therein stated had been set forth in a bill of complaint, and the bill had been demurred to. The questions involved have been fully argued, and I perceive no reason for declining to decide the case in compliance with the joint request of counsel, without regarding the manner of its presentation.

It is not necessary to consider all the points which have been made and discussed, for, in my opinion, the fundamental proposition of the plaintiffs, upon which their supposed right to relief in equity absolutely depends, cannot be sustained. The plaintiffs, being depositors in the Spring Garden National Bank, "purchased" of the said bank two drafts on the Hanover Bank in New York, and paid therefor by their checks upon the Spring Garden National Bank, to meet which their then deposit account was more than sufficient. This transaction did not create a trust. The Spring Garden Bank was simply the debtor of the plaintiffs for the money which had been deposited by the latter, and, when that bank issued the drafts on the Hanover Bank, it assumed no fiduciary relation to the plaintiffs, but merely gave them orders upon the Hanover Bank for payment of indebtedness of the Spring Garden Bank. The drafts proved to be worthless, and, consequently, the Spring Garden Bank remained debtor to the plaintiffs for the money represented by them; but it was not converted into a trustee of the price which had been paid for purchase of the drafts.

I have read the opinion of Judge Butler in the case of Massey v. Fisher, 62 Fed. 958, to which the plaintiffs' counsel has referred. The facts of that case plainly distinguish it from this one.

Let a decree for defendant be prepared, and, upon notice, be submitted.