Clark v. Chicago Title & Trust Co.

*85  293*
*s186s444*

# Fred Clark v. Chicago Title & Trust Co., Receiver of the Globe Savings Bank.

1.  CHECKS—*As Assignments of Funds on Deposit.*—A check drawn by a depositor upon a bank in which he has funds sufficient for its payment is an assignment from the drawer to the holder of the check of so much of the fund on deposit. Its presentation for payment fixes the rights of the parties, and the bank has no right thereafter to pay other checks or demands in preference to such check, and a transfer of such check

carries with it the title of the amount named therein to each successive holder.

2. CASHIER'S CHECK—*As Evidence of Indebtedness—Preferences.*— A cashier's check, payable to the order of a depositor for the amount of his funds on deposit, is merely evidence of an indebtedness of the bank to the depositor, and does not entitle the depositor to any preference over other creditors of the bank at the hands of a receiver.

**Petition for a Preference.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed October 27, 1899.

Statement.—Appellant was a depositor in the Globe Savings Bank just previous to its failure. According to the rules of the bank, it could require sixty days' notice of withdrawal of a savings account. Such notice was duly given February 2, 1897. Saturday, April 3, 1897, about five minutes before twelve o'clock, the hour for closing business on Saturdays, appellant called at the bank and received the cashier's check for $3,000, payable to his (appellant's) order. This check was deposited in another bank, and Monday morning following was thrown out by the clearing house, the Globe Savings Bank having meanwhile gone into the hands of appellee as receiver by appointment of the Circuit Court.

Appellant filed his intervening petition, and claims that the money in question was by the cashier's check assigned to him and set apart as a special fund to be paid on demand that thereafter the bank had no title thereto, and the receiver took the assets subject to appellant's legal right to possession of the fund so set apart. It appears that when the receiver took possession there was cash on hand more than sufficient to pay appellant's check.

The Circuit Court sustained the master's report, holding that the cashier's check was merely evidence of indebtedness of the bank to the petitioner, of no higher character than any other check drawn upon a sufficient deposit, and that appellant was not entitled to any preference.

The relief sought was denied and the petition dismissed. From this order the petitioner prosecutes his appeal.

Lynden Evans, attorney for appellant.

Henry W. Magee, attorney for appellee.

Mr. Justice Freeman delivered the opinion of the court.

A check drawn by a depositor upon a bank, in which he has funds sufficient for its payment, constitutes an assignment and transfer of the right to so much of the fund on deposit from the drawer to the holder of the check. Its presentation for payment fixes the rights of the parties, and the bank has no right thereafter to pay other checks or demands and return dishonored the check so presented. Munn v. Birch, 25 Ill. 35. The payee may sue for and recover the amount from the bank, and a transfer of the check carries with it the title of the amount named therein to each successive holder. Union Nat. Bank v. Oceana Nat. Bank, 80 Ill. 212.

It is contended in behalf of appellant, in the case before us, that the check drawn upon the Globe Savings Bank by its cashier in favor of the appellant, had the same effect as if it had been drawn against a deposit in another bank; that it " operated precisely as if the money had in fact been drawn out of the bank before " the appointment of the receiver. (See Bank of America v. Indiana Banking Co., 114 Ill. 492.) This might have been more reasonably urged had the check been drawn by the cashier of the insolvent bank against a sufficient deposit in another bank, and presented to the latter for payment before the appointment of the receiver. But if, in such case, the bank holding the deposit had itself failed before presentation or payment, it would scarcely be seriously contended that the holder of the check was entitled to any rights as a preferred creditor, against the bank so failing, merely because he held a check drawn against a fund therein deposited.

There is no substantial basis in this case for the appellant's claim. The drawing of the cashier's check, even if it changed the form of indebtedness, did not change the fact. The Globe Savings Bank was still indebted to the appellant for the three thousand dollars represented by its

cashier's check. There was no change in the nature of the debt. The only change was in the evidence of it. It does not appear that appellant was under any obligation to receive or retain the cashier's check instead of drawing the money at once, nor that he presented the check to the paying teller or made any demand for cash. He voluntarily accepted the casher's check instead of obtaining cash.

Appellant's counsel insists that "it is not a question of preference. It is a question of title to money—to whom does it belong?" A creditor is entitled to money due him from any debtor. In a sense the money due belongs to him, but that fact does not change—it establishes—the relation of debtor and creditor, and subjects the parties to the rules of law governing that relation. It is urged that the giving of the check "passed the title to the money." That might be so, as has been suggested, had the check been drawn against a fund in another bank as against a claim for the same money by some third party. But as against a bank drawing a check upon itself, no change in title was thereby made. The check was equivalent to an acknowledgment of indebtedness. The payee was entitled to the money before the check was drawn, and he or the holder of the check was entitled to it afterward in the same manner and to the same extent.

A check is not an absolute payment, but a means to procure the money. Brown v. Leckie, 43 Ill. 497. It is said in that case that in a suit against the drawer the holder may treat the check as a nullity, and resort to the original cause of action.

The judgment of the Circuit Court is affirmed.