## FRED CLARK

### *v.*

### THE CHICAGO TITLE AND TRUST COMPANY, Receiver.

*Opinion filed June 21, 1900—Rehearing denied October 4, 1900.*

BANKS—*"cashier's check," is not an assignment of amount called for.* A "cashier's check" given to a depositor to cover the amount of a withdrawal merely changes the form of the bank's indebtedness, and does not operate to assign the amount called for, to the depositor, as against a receiver who takes possession of the funds of the bank under an order of court before the check is presented to the bank for payment.

*Clark* v. *Chicago Title and Trust Co.* 85 Ill. App. 293, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

This is an appeal to reverse a judgment of the Appellate Court for the First District, affirming a decree in favor of appellee, rendered in the circuit court of Cook county.

On Saturday, April 3, 1897, appellant had on deposit in the Globe Savings Bank of Chicago over $3000. Shortly before twelve o'clock of that day,—the hour for closing business on Saturdays,—appellant called at the bank and received what is called a "cashier's check" for $3000, payable to his order. This check was deposited in another bank, and on Monday morning following was thrown out by the clearing house, the Globe Savings Bank having meanwhile passed into the hands of the appellee, as receiver, by appointment of the court. In the proceeding to wind up the affairs of the bank, appellant filed an intervening petition, alleging that "by the giving of said check the said bank assigned to the petitioner $3000 in cash out of its account, and thereupon credited itself with the said sum of $3000, leaving your petitioner with a deposit of $60.30, and that at the time of giving said check by the cashier he handed to the bank his pass-book, from which book a copy of the page showing deposit and payment is attached, and thereupon the said bank marked in said book payment of said $3000; that the said bank had on hand at the time of giving said check more than $3000, and continued to have the same until the time the receiver took possession on Monday morning, April 5, 1897, before the opening of said bank for business on April 5, 1897, and that the said sum of $3000 out of the moneys taken possession of by said receiver on April 5, 1897, belongs to your petitioner and is unlawfully detained." The prayer is for an order directing the receiver

to turn over to appellant $3000. A copy of the order or cashier's check is as follows:

"Capital, $200,000.

"GLOBE SAVINGS BANK, CHICAGO, MONADNOCK BUILDING, }
CHICAGO, *April 3, 1897.* }

"Pay to the order of Fred Clark three thousand dollars ($3000.00).

C. E. CHURCHILL, *Cashier.*"

The entry on appellant's pass-book, referred to in the petition, is as follows:

"63.　　　　　Bank Book of Fred Clark.

"*Globe Savings Bank, in account with Fred Clark.*

| Date. 1896. | Withdrawn. | Deposits. | Balance. |
|---|---|---|---|
| Sept. 28...................... | ........ | 3000 00 | 3000 00 |
| Interest January 1st, 1897... | ........ | 30 00 | |
| Interest April 1st, 1897...... | ........ | 30 30 | |
| 3 | 3000 00 | | 3060 30 |
| | | | 60 30" |

The answer of the defendant, receiver of the bank, denies the claim made by the petitioner, and sets up that no money was in fact set apart by the bank at the time of drawing the check, but that a credit, merely, was changed from the pass-book of appellant to a cashier's check, and that the relation of creditor and debtor between the bank and appellant was in nowise changed; also, that all the moneys received by it from the Globe Savings Bank were in one fund, and that no separate fund came to its hands as receiver.

On a reference to the master to take the evidence and report the same, with his conclusions, he found the facts as to the original deposit by appellant, the making of the cashier's check, the entry upon the pass-book and the having on hand of more than enough money to pay the check, as alleged in the petition, but found, as a matter of law, that petitioner was not entitled to a preference over other depositors, and that the cashier's check was an evidence of indebtedness merely, of no higher character than the check of any other person having a suf-

ficient deposit in the bank to meet the amount of his check, and recommended the dismissal of the petition. Objections to this report by the petitioner being overruled, the petition was dismissed at his cost. There is no pretense,—in fact it seems to have been agreed by the parties,—that no money was set apart by the bank for the payment of the cashier's check; also, that the receiver, at the time of filing the petition by the appellant, held all the assets of the bank for distribution subject to the order of the court; that at the close of business on the third of April, 1897, there was due from the bank to its savings depositors $288,144.97 and to individual depositors $107,150, not including cashier's checks, and that its assets were wholly insufficient to pay its indebtedness.

LYNDEN EVANS, for appellant.

HENRY W. MAGEE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is impossible to perceive upon what theory of law appellant can maintain or claim that the transactions had by him with the bank on the third of April amounted to an assignment by the bank to him of the amount of the check. The claim seems to be based upon the law announced by this court in *Munn* v. *Burch*, 25 Ill. 35, and many later cases, to the effect that "the check of a depositor upon his banker, delivered to another for value, transfers to that other the title to so much of the deposit as the check calls for, which may again be transferred to another by delivery, and when presented to the banker he becomes the holder of the money to the use of the owner of the check and is bound to account to him for that amount, provided the party drawing the check has funds to that amount on deposit, subject to his check, at the time it is presented." That doctrine can have no application to the facts of this case. What is here termed

a cashier's check is in no sense a check within the definition of such an instrument as used in *Munn* v. *Burch, supra,* and other similar cases. The check was not drawn by a depositor against a deposit, but was simply an acknowledgment of an indebtedness on the part of the bank to the payee of the order. As between the bank and appellant it was, in legal effect, the same as a certificate of deposit or a certified check.

We concur in the views of the Appellate Court in the opinion by Mr. Justice FREEMAN, (85 Ill. App. 293,) where it is said: "The drawing of the cashier's check, even if it changed the form of indebtedness, did not change the fact. The Globe Savings Bank was still indebted to the appellant for the $3000 represented by its cashier's check. There was no change in the nature of the debt. The only change was in the evidence of it. * * * Appellant's counsel insist that 'it is not a question of preference; it is a question of title to money—to whom does it belong.' A creditor is entitled to money due him from any debtor. In a sense the money due belongs to him; but that fact does not change—it establishes—the relation of debtor and creditor, and subjects the parties to the rules of law governing that relation. It is urged that the giving of the check 'passed the title to the money.' That might be so * * * had the check been drawn against a fund in another bank, as against a claim for the same money by some third party. But as against a bank drawing a check upon itself no change in title was thereby made. The check was equivalent to an acknowledgment of indebtedness. The payee was entitled to the money before the check was drawn, and he or the holder of the check was entitled to it afterwards in the same manner and to the same extent."

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*