### John C. Scully v. Colean Manufacturing Company.
### (W. H. Wallace, Appellee, W. H. Colean, Receiver, Appellant.)

### Gen. No. 5400.

LIENS—*when fund impressed with.* If a certificate gives to the holder the right to a certain amount of the fund when collected providing that such holder be chargeable with a proportion of the share of the expense of collection, the fund when collected becomes charged with a lien; and if the fund can be traced as having gone into the hands of a receiver of the party who collected the same it may be recovered. If, however, the fund cannot be so traced the holder of such certificate is a mere general creditor. If, however, the receiver made the collection the fact of his having mixed the fund collected with other moneys does not prevent the enforcment of a lien against him.

Bill in equity. Appeal from the Circuit Court of Peoria county;

the Hon. T. N. Green, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded with directions. Opinion filed March 16, 1911.

Stevens, Miller & Elliott, for appellant.

Homer Barney, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

The Colean Manufacturing Company, a corporation engaged in the business of manufacturing portable and stationary engines, threshing machinery, etc., in the course of its business issued to W. H. Wallace a paper called here a commission certificate, the body of which was as follows:

"No. 1346   Not Negotiable   Peoria Ill. 7-2-1907.

There will be due by Colean Manufacturing Company Thirteen and 33-100 Dollars, to W. H. Wallace of Henry, Ill. payable on return of this certificate, when note No. 4489, given by P. R. & C. L. Sweamgen for $233.00 to Colean Manufacturing Company, dated 2-4-07 and due 10-15-09, shall be fully paid by the maker.

"This obligation being for commission on sale of machinery to makers of above named note, it is accepted with the understanding that it shall not be collectible in case the maker fails to fully pay said note, or extension or renewal thereof. Taking back said machinery or bidding it in shall not be considered a payment. If other machinery or property is bid in, that proportion of the commission shall not be payable until it is sold and the money realized. This certificate shall carry a proportionate share of interest collected on said note and be subject to a proportionate share of costs and expenses of collection or of discount allowed for prepayment."

It also issued to Wallace six other commissions certificates of the same tenor, except that they were of other dates, for other amounts, and described other notes given by other parties.

On January 20, 1909, John C. Scully filed a bill in equity against the Colean Manufacturing Company, under which a few days later W. H. Colean was appointed receiver of the property and effects of said company. Thereafter Wallace filed an amended motion in said cause, wherein it was asserted that said receiver was in fact trustee for said Wallace as regards the interest of said Wallace under said commission certificates in funds in the hands of said receiver. Said motion was heard, and it was held that the proceeds of said notes should be considered as a trust fund and that the said W. H. Colean, as receiver, should be considered trustee thereof. Payment of the commission certificate above set out was ordered in the following language:

"It is therefore ordered and decreed by the court that out of the money collected by W. H. Colean as receiver when note No. 4489 given by P. R. and C. L. Sweamgen for $233.00 to Colean Manufacturing Company, dated 2-4-07 and due 10-15-09 shall be fully paid by the makers, the said W. H. Colean shall pay to W. H. Wallace the sum of $13.33."

There was a like order as to the other six commission certificates, followed by an order that upon the collection of said notes and the payment to Wallace of said sums, W. H. Colean, receiver, should be discharged as such trustee. Colean, as receiver, appeals from that order.

Appellant contends that, by the terms of the commission certificate above set out, when the Colean Manufacturing Company collected in full the note described therein it then became the mere debtor of Wallace for the sum of $13.33 and that Wallace had no interest in the money to be collected on the note, and that the Colean Manufacturing Company, when it collected such a note, did not become his trustee for the money agreed to be paid him; while Wallace contends that if it collected the note in full it became his trustee, and that if the receiver collected the note in full he

also would hold the money in trust.  When the entire language of the certificate is considered, we conclude that appellee's contention is sound.  The last sentence of the certificate states that it carries a proportionate share of the interest collected on the note and that it is subject to a proportionate share of the expenses of collection.  If then a proportionate share of the interest, when collected, will belong to Wallace, and if he is subject to a proportionate share of the expenses of the collection of the note described, we think it the true meaning of the paper that he is the equitable owner of a proportionate share of the principal of the note as well.

If the Colean Manufacturing Company collected any of the notes in full, described in these seven certificates issued to Wallace, and if the fund could still be traced when the receiver was appointed and came into his hands as receiver, even though the identical bills could not be traced, then the receiver took such fund impressed with the trust in favor of Wallace.  The question when funds impressed with a trust can be traced and reached, and when their commingling with other funds or expenditure destroys the right of the *cestui que* trust to reach the trust funds, is considered and discussed under various aspects in Union National Bank v. Goetz, 138 Ill. 127; Wetherell v. O'Brien, 140 Ill. 146; Mutual Accident Assn. v. Jacobs, 141 Ill. 261; Bayor v. American Trust and Savings Bank, 157 Ill. 62; Clemmer v. Drovers' Nat. Bank, 157 Ill. 206; Lanterman v. Travous, 174 Ill. 459; Estate of Seiter v. Mowe, 182 Ill. 351; Hauk v. Van Ingen, 196 Ill. 20; and Woodhouse v. Crandall, 197 Ill. 104.  If the receiver collected in full the notes or any of them described in these certificates, then he became a trustee for Wallace, and he could not destroy the identity of the fund by mingling it with other moneys held by him as receiver or with his own funds.  Kirby v. Wilson, 98 Ill. 240; Halle v. National Park Bank, 140 Ill.

413, 421; Woodhouse v. Crandall, *supra,* on page 112.

The amended motion by Wallace alleged that the notes described in said certificates had been paid, and that the amount named in said certificates as due Wallace was in the hands of the receiver. There was no proof of these allegations. If the company collected the notes, it was necessary to show that the funds arising therefrom could be traced into the hands of the receiver. If the receiver collected these notes, or any of them, in full, it was necessary to prove that fact. Several of the notes described in the certificates were due long before the receiver was appointed. The company may have collected them. On the other hand it may be that none of the notes have yet been paid in full. If the order of the court had been, for instance, that out of the money collected by the receiver upon No. 4489, given by P. R. & C. L. Sweamgen, when the note shall be fully paid, the receiver should pay to Wallace $13.33, and there had been a like order as to each of the other notes described in the other certificates, then the money to Wallace would only be payable out of the note described, after it was collected in full by the receiver, and if it was not collected in full by the receiver it would not be payable at all. But this order, as we construe it, means that after the note is fully paid by the makers, whether to the company or to the receiver, then the receiver shall pay the money named, not out of this fund but out of any money in his hands as receiver. We are of opinion therefore that the order is not sufficiently limited.

The order is therefore reversed and the cause is remanded to the Circuit Court, with directions that, if Wallace shall, within a reasonable time after the remanding order is filed, apply to the court therefor, the court shall enter an order substantially in the form of the order appealed from, except that it shall direct that, out of the money collected by Colean as receiver out of each note described in said certificates when

paid in full by the makers, said receiver shall pay to Wallace the sum named in the certificate describing that note, thus making the payment to Wallace only out of the money collected by the receiver on the note described in the certificate when fully paid; and that if said Wallace shall not make such application to the court, then that the motion be heard again upon such proofs as may be submitted.

*Reversed and remanded with directions.*