## Taylor B. Howland, Appellant, v. The People of the State of Illinois ex rel. Andrew J. Russell, Auditor of Public Accounts and Arthur W. Croughan, Receiver, Appellee.

BANKING—*sufficiency of segregation of special deposit to create trust fund.* A general depositor who draws a blank check against his deposit and hands it to the cashier of the bank with instructions to purchase bonds in a specified amount does not thereby segregate from his general deposit the amount in question as a trust fund so as to entitle him to a preference over general creditors of the bank, which became insolvent several months after the check was drawn, where the evidence shows that there was no actual separation of the funds, that the cashier did not buy the bonds in question but merely filled out the check for the amount in suit, charged it to the depositor's general account, and issued a demand certificate of deposit payable to bearer which was retained by the bank with other similar certificates.

Appeal by plaintiff from the Circuit Court of Clay county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed April 3, 1923.

R. S. ROWLAND, for appellant.

JAMES H. SMITH and CREIGHTON & THOMAS, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

On June 24, 1921, the State auditor filed a bill in the circuit court of Clay county for the dissolution of the Orchard City State Bank, and for the appointment of a receiver to wind up its business. Appellee Arthur W. Croughan was appointed such receiver and is now acting in said capacity. Claims were filed and allowed against said bank approximating $240,000, and were ordered paid in due course of administration. Appellant has a claim for $2,500 for alleged missing bonds and at the March term, 1922, filed an in-

tervening petition praying to have his claim declared a trust fund, and for an order requiring the receiver to pay the same as a preferred claim. Said cause came on for hearing on the intervening petition, the answer thereto filed by said receiver, and the evidence heard in open court. An order or decree was entered denying said preference and ordering that said claim be paid in due course of administration. To reverse said judgment appellant prosecutes this appeal.

The record discloses that appellant had a deposit of about $2,800 in the Orchard City Bank on March 1, 1921, and on that day he met the cashier of said bank in the rear of a store at Xenia and requested said cashier to purchase liberty bonds for him in the sum of $2,500. Appellant gave the cashier a check signed in blank and which the evidence discloses said cashier filled in as follows: "Pay to the order of U. S. Bonds—$2500.00."

Said check was found by Miss Adams, the bookkeeper, on the counter the morning of April 1, and on the direction of Mr. Cox, the cashier, she charged the same to the business of the previous day. The cashier then issued a demand certificate of deposit, payable to bearer in the sum of $2,500, attaching to it a slip on which the following was written: "T. B. Howland, Cr. Acct. with this when he wishes." This certificate of deposit was placed in an envelope and was found by the receiver among other certificates held by the bank.

The doors of said bank were closed May 24, and up to that time no bonds had been purchased for the account of appellant. It is contended by appellant for reversal of said judgment that when said check was given the cashier it thereby separated $2,500 from his general deposit in said bank, and created of it a trust fund for the purchase of bonds; and that it remained such up to the time the bank closed, and by reason

thereof that he is entitled to have his claim paid prior to the general creditors of said bank.

On the other hand, appellee contends that there was no separation of said funds, and that the relation of debtor and creditor existed between appellant and the bank from the date of the giving of said check up until the doors of the bank were closed, and that appellant is only entitled to share proportionately with the general depositors in the funds of said bank.

The question as to when funds deposited in a bank for a particular purpose are impressed with a trust and when such funds are considered as assets of the bank by reason of being mingled with other funds is discussed in *Union Nat. Bank of Chicago v. Goetz,* 138 Ill. 127; *Wetherell v. O'Brien,* 140 Ill. 146; *Mutual Acc. Ass'n v. Jacobs,* 141 Ill. 261; *Bayor v. American Trust & Savings Bank,* 157 Ill. 62; *Clemmer v. Drovers' Nat. Bank,* 157 Ill. 206; *Seiter's Estate v. Mowe,* 182 Ill. 351; *Lanterman v. Travous,* 174 Ill. 459; *Hauk v. Van Ingen,* 196 Ill. 20; *Woodhouse v. Crandall,* 197 Ill. 104; *Scully v. Colean Mfg. Co.,* 160 Ill. App. 286.

It becomes apparent from a review of these authorities that the question of whether or not a deposit is in the nature of a special deposit, or trust funds, depends entirely upon the facts in each case. This principle, however, may be deduced therefrom. The trust fund must be kept intact so it can be traced or identified. "It is not necessary, however, that the particular coin or kind of money or the individual pieces shall be identified in order to pursue it, but its identity as a trust fund must be preserved so it can be distinguished from all other money." *School Trustees v. Kirwin,* 25 Ill. 73; *Woodhouse v. Crandall, supra.*

The record in this case discloses that there was no separation of the amount of the funds represented by the check given by appellant. The evidence is undisputed that while this check was marked paid, and was

charged to appellant's account and with other checks drawn by appellant on his general deposit account, was returned to him by the receiver after the bank closed, yet, on the same day the check was entered on the books of the bank, a demand certificate of deposit payable to bearer for said amount was issued by the bank and the memorandum slip referred to was attached thereto. There was no real segregation of this fund. Where money has been delivered to a bank, even though it may be for some specified purpose, but has been mingled with the funds of the bank, the depositor will not be entitled to preference above other creditors. *Wetherell v. O'Brien*, 140 Ill. 146, 151; *Mutual Acc. Ass'n v. Jacobs*, 141 Ill. 261.

In *Wetherell v. O'Brien, supra*, the court in discussing this question, at page 151, says:

"When money is delivered to a bank, even though it be for some special purpose, as, for instance, investment in a mortgage security, has been mingled with the funds of the bank, as was done here, there is no reason why the depositor should be preferred above any other creditor. Where a trustee changes the form of the trust property, the right of the beneficial owner to reach it, and compel its transfer, may still exist if the property can be identified as a distinct fund, and it not so mixed up with other moneys or property that it can no longer be specifically separated. 'If the trust property has been transferred to a bona fide purchaser for value without notice, or has lost its identity, the beneficial owner must, and under other circumstances he may, resort to the personal liability of the wrongdoing trustee.' (2 Pomeroy's Eq. Jur., sec. 1058.) Where a trustee has converted a trust fund into money and mingles it with his other moneys, so that it cannot be separated from the latter, the beneficial owner occupies the position of a general creditor of the estate, and cannot follow the fund into the hands of an assignee for the benefit of creditors. (*Illinois Trust & Savings Bank of Chicago v. Smith*, 21 Blatchf. [U. S.] 275, and cases there

cited.)   Its identification is a prerequisite to the exercise of the right to follow it.   (2 Story's Eq. Jur., sec. 1259.)   While it may not be necessary to point to the particular pieces of money or the particular bank bills that were deposited with the trustee, if the trust property be money, yet there must be a preservation of the distinctness of the trust fund.''

The case of *Bayor v. American Trust & Savings Bank, supra,* we think is a case very much in point. In that case the Supreme Court in discussing this question, on page 68, says: ''It has frequently been announced as the law of this State that even in a case where a definite and actual trust fund, which possesses all the attributes of a separate and distinct identity, has been so mixed and mingled with other funds as to render identification impossible, the *cestui que trust,* in the event of the insolvency of the trustee, is remitted to the position and the rights of a general creditor; and where the relation between the parties is primarily that of debtor and creditor, and there is a mere unperformed agreement on the part of the debtor to create a specific fund which shall possess a separate identity, and to hold the same in trust, it would be illogical and inconsistent with these adjudications to hold that such creditor occupies a stronger position than one who is primarily the beneficiary of a distinct and identified trust fund.   We regard the cases of *School Trustees v. Kirwin,* 25 Ill. 73; *Otis v. Gross,* 96 Ill. 612; *Union Nat. Bank of Chicago v. Goetz,* 138 Ill. 127; *Wetherell v. O'Brien,* 140 Ill. 146, and *Mutual Acc. Ass'n v. Jacobs,* 141 Ill. 261, as conclusive against the contentions urged herein by appellant.''

In view of the holding of the Supreme Court in the foregoing cases, we are of the opinion that the giving of the check in question did not in and of itself amount to a segregation of the sum of $2,500 from the general deposit of appellant so as to constitute the

28    APPELLATE COURTS OF ILLINOIS.

Hoeffken et al. v. Belleville T. and L. Assembly, 229 Ill. App. 28.

same a trust fund for which he would be entitled to a preference over other creditors of said bank. Even though he may have requested the cashier of the bank to purchase bonds for him with the proceeds of said check, it was not done.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*