The People of the State of Illinois ex rel. Oscar Nelson, as Auditor of Public Accounts of the State of Illinois, v. Builders and Merchants Bank and Trust Company.
Appeal of Will H. Wade, Receiver, Appellant.
In re Petition of S. J. Osterlind, Intervening Petitioner, Appellee.

Gen. No. 35,479.

Opinion filed January 25, 1932. Rehearing denied February 8, 1932.

URION, DRUCKER, BISHOP & BOUTELL, for appellant; W. B. GEMMILL and ROSS S. WELCH, of counsel.

ERNEST A. EKLUND and FREDERICK J. BERTRAM, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by the receiver of the Builders and Merchants Bank and Trust Company from an order allowing the claim of petitioner, S. J. Osterlind, for a preferred claim in the amount of $4,778.18, and ordering the receiver to pay the same to him forthwith.

The petitioner had a savings account with the bank just previous to its failure. On Saturday, April 11, 1931, he signed and presented a withdrawal slip on this account in the sum of $4,778.18 and requested a cashier's check for the amount, which was given to him. The books of the bank show that the savings account was charged with the amount of this withdrawal and the cashier's check stub ledger shows the issuance of the check for this amount. The bank failed to open its doors on the morning of April 13 and its affairs are now in the hands of a receiver. The cashier's check given to petitioner was deposited by him in another bank but it has not been paid. It is conceded that the bank was insolvent at the time of the withdrawal by the petitioner and the issuance of the cashier's check, and apparently admitted that at the time petitioner received the check there was sufficient cash on hand to pay it.

The petitioner's theory is that with the withdrawal of the money and the purchase of the cashier's check a trust *ex maleficio* was created, and that the money in the hands of the receiver was enhanced to the exact extent of the amount withdrawn by petitioner, while the receiver's theory is that, when the bank issued its cashier's check, the latter was merely an evidence of the type of the deposit, being no different than money in the savings account from which the amount had just been deducted.

Certain points have been presented and argued by respective counsel which, in our opinion, it is unnecessary to discuss because we hold that *Clark v. Chicago Title & Trust Co.*, 85 Ill. App. 293, affirmed in 186 Ill.

440, is decisive of the question presented. The facts there involved are almost identical with those in the instant case. There, Clark, the petitioner, had on deposit in the Globe Savings Bank over $3,000 and on Saturday shortly before the closing hour, received for this amount a cashier's check payable to his order; this was deposited in another bank and on Monday morning following was thrown out by the clearing house, the Globe Savings Bank having meanwhile passed into the hands of the receiver. Clark filed a petition setting forth the transaction whereby he received the cashier's check and asked that the receiver be directed to turn over to him $3,000, the amount of the check. The chancellor approved the master's report that the petitioner was not entitled to a preference over the rest of the depositors; that the cashier's check was an evidence of indebtedness merely, of no higher character than the check of any other person having a sufficient deposit in the bank to meet the amount of his check. It was ordered that the petition be dismissed. This was affirmed by the Appellate Court and also by the Supreme Court. The opinion of the latter court quoted from the opinion of Mr. Justice Freeman in the Appellate Court where it is said: ''The drawing of the cashier's check, even if it changed the form of indebtedness, did not change the fact. The Globe Savings Bank was still indebted to the appellant for the $3,000 represented by its cashier's check. There was no change in the nature of the debt. The only change was in the evidence of it.'' Counsel for the petitioner here attempts to distinguish this case from the case at bar, but without success as to the essential point. The fact that in the cited case the petitioner Clark had followed a 60-day notice rule, before money could be drawn from a savings account, is not important because when the 60-day notice had expired and Clark gave his withdrawal slip and received there-

for a cashier's check, he did just what the petitioner Osterlind did in the present case. Petitioner's counsel seems to argue that there was a cash withdrawal with which the cashier's check was purchased. The evidence shows to the contrary and in both the cited case and the present one the purchase of the cashier's check was effected by a withdrawal from a savings account. It also appears in the *Clark* case that the bank had sufficient money to pay the check when it was issued, which is true in the present case.

We cannot agree that the transaction created a trust, whereby the Builders and Merchants Bank was obligated to segregate the money represented by the cashier's check. All the circumstances show that there was merely a change in form of the evidence of indebtedness, namely, a change from money in the savings account to the cashier's check, in both instances continuing the relationship of debtor and creditor. In line with this is the case of *Howland v. People*, 229 Ill. App. 23, where it was held that where money has been delivered to a bank even though it may be for a specified purpose, but it has been mingled with the funds of the bank, the depositor will not be entitled to a preference above other creditors.

There are a number of cases in other jurisdictions holding the same view. In *Jewett v. Yardley*, 81 Fed. 920, where a depositor obtained from his bank two drafts upon another bank, paying therefor by checks against his deposit, it was held that the relation was still that of debtor and creditor and not a fiduciary relation entitling the depositor to have the receiver of the insolvent bank pay him as a preferred creditor. To the same effect are *Nyssa-Arcadia Drainage Dist. v. First Nat. Bank of Vale*, 3 Fed. (2d) 648; *Empire State Surety Co. v. Carroll County*, 194 Fed. 593. Other cases holding the same way are *People v. Merchants and Mechanics' Bank of Troy*, 78 N. Y. 269; *Stanley*

*v. Green,* 205 Ala. 225; *Lummus Cotton Gin Co. v. Walker,* 195 Ala. 552; *People v. California Safe Deposit & Trust Co.,* 23 Cal. App. 199.

Following the above cited cases, we hold that the relationship between the petitioner and the bank was that of creditor and debtor and that this was not changed by the withdrawal and issuance of the cashier's check. It follows that the petitioner is upon the same footing as the general creditors.

The order of the superior court is reversed and the cause remanded with directions to deny the order asked for in the petition.

*Reversed and remanded with directions.*

O'Connor, P. J., and Matchett, J., concur.