## KOEPP et v
## SECURITY-HOME TRUST CO et

Ohio Appeals, 6th Dist, Lucas Co

No 2780. Decided June 5, 1933

George A. Bassett, Toledo, and Frank H. Foster, Toledo, for plaintiffs.

John W. Bricker, Attorney General Columbus, Brown & Sanger, Toledo, and Sholto M. Douglas, Toledo, for defendants.

## OPINION

By RICHARDS, J.

The plaintiffs contend that by the transaction the bank became their agent to purchase certain Liberty bonds for which they furnished the funds to the bank as trustee and that the bonds were actually purchased by the bank and tendered to the bank by the seller while the bank was still continuing business, but it refused to accept the bonds and pay for them, although a cashier's check had been already drawn payable to the order of the bond house from which the bonds had been purchased and the amount charged out of the depositors' account. On the other hand, the defendants contend that the plaintiffs were general depositors in the savings department and that the relation between them and the bank was that of debtor and creditor and so continued unaffected by the contract and unaffected by the fact that the bonds had been duly purchased and tendered. To sustain the position of the superintendent of banks, his counsel rely on Blakey, Receiver v Brinson, 286 U. S., 254 and several other cases holding the principle there announced, notably Williams et v Hood, Commissioner of Banks, 167 SE, 574; Tat-

tersfield v Smith, superintendent of banks, 245 NW, 44; Howland v People et, 229 Ill. App., 23; McNair v Cesterreicher, 63 Fed., 2nd, 876. The first case cited is a fair sample of the others and it discloses that a depositor in the savings department of the bank, pursuant to conversations with a bank officer, increased his account by deposit in the usual way to an amount sufficient to pay for some bonds which the bank had agreed to purchase for him. He was afterwards informed by the bank that the bonds had been purchased and the amount of the purchase price was charged against the depositor's account and was credited as a deposit in a bond account. Soon thereafter, when the bank closed its doors, it was discovered that in fact no bonds had been purchased, ordered or received for the depositor. Under these circumstances it was held that the depositor continued to be a general creditor of the bank and preference was denied. The facts in the various cases on which reliance is placed show that the agreement to purchase bonds had not been consummated and no bonds had been purchased. There was merely the shifting of credits, accompanied by misrepresentation. There had been anticipatory talk of the purchase of bonds and the bank's officer had stated that they would be purchased, and finally that they had been purchased, but as construed by the court, these were only idle words. In the case at bar the bank had agreed to purchase "certain United States Liberty bonds" and had complied with that agreement. This was followed by a tender of the bonds by the seller to the bank, but it refused acceptance on the sole ground that the branch manager had failed to report the transaction to the main office, —a wholly insufficient reason. Delivery is not necessary to complete a sale of personal property. In the case at bar the contract was complete when the bonds were tendered and payment demanded. The fund with which to pay for the bonds had been segregated from the depositors' account and placed in a cashier's check payable to the dealer from whom the bonds had been purchased. This situation distinguishes the case at bar from the cases on which counsel for defendants rely.

Many respectable authorities hold that a trust relation is created and the plaintiff entitled to a preference when the facts are similar to those in the cases cited by the defendants. Some of the authorities to that effect are referred to in the opinion of Mr. Justice Stone in 286 U. S., 262, supra. The authorities are collected in an extensive note in 82 A.L.R., 108.

This court finds from the pleadings under the admitted facts that the plaintiffs are entitled to a preference with other preferred creditors similarly situated. Judgment and decree for plaintiffs.

WILLIAMS and LLOYD, JJ, concur.