S. A. DUPREE v. L. P. HARRELL, LIQUIDATING AGENT OF THE BANK OF PENDER, AND GURNEY P. HOOD, COMMISSIONER OF BANKS FOR THE STATE OF NORTH CAROLINA.

(Filed 10 January, 1934.)

**Banks and Banking H e—Under facts of this case plaintiff held not entitled to preference in assets of insolvent bank.**

A depositor drew a check in the bank's favor for a part of his deposit and instructed an officer of the bank to buy Liberty Bonds with the proceeds. Several days later the bank sent a cashier's check for the amount with an order for the bonds to a broker. The bank closed its doors because of insolvency on the day the broker received the cashier's check, and the broker returned the check which was credited to the depositor's account by the liquidating agent. *Held*, the depositor was not entitled to a preference for the amount of his check to the bank.

CIVIL ACTION, before *Devin, J.,* 26 April, 1933. From PENDER.

The pertinent facts are substantially as follows: The plaintiff had on deposit with the Bank of Pender on 2 January, 1932, as a checking account, the sum of $3,156.75. On that date Dupree drew a check against said deposit in words and figures as follows: "Burgaw, N. C., 2 January, 1932. The Bank of Pender 66-321. Pay to the order of Bank of Pender $2,000 two thousand dollars, for $2,000 L. B., S. A. Dupree." Said S. A. Dupree caused said check to be presented to said bank on 2 January, 1932, during regular banking hours, and C. C. Branch, president of the bank, was instructed to purchase Liberty Bonds with the proceeds of said check. It was the custom of said bank to purchase bonds for its customers when requested to do so. The Bank of Pender held said check until 6 January, 1932, and on said date charged the same to the account of S. A. Dupree. After said check had been charged to his account Dupree then had a balance on deposit of $1,127.41. On 6 January, 1932, the Bank of Pender issued its cashier's check for the sum of $2,000, payable to F. E. Nolting and Company, and transmitted the check together with an order for $2,000 of Liberty Bonds, to be shipped to S. A. Dupree. The Bank of Pender did not open for business on 7 January, 1932, and has since been in the hands of the State Commissioner of Banks. Nolting and Company received the check and order for bonds on 7 January, 1932, and after learning that the Bank of Pender had failed, returned the check and canceled the order. When the cashier's check reached the Bank of Pender authorities employed by the State Commissioner of Banks, were making an audit of the condition of the bank and the auditors credited said cashier's check to the account of S. A. Dupree after said bank had been closed and its business suspended.

At the time the bank suspended business it had on hand in its vaults and on deposit the sum of $16,245.35, and at all times from 2 January, 1932, to 7 January, 1932, inclusive, had on hand in cash in excess of the amount necessary for the purchase of the bonds.

Upon the foregoing facts the trial judge found as a matter of law that the sum of $2,000 sued on in this action was a special deposit for a specific purpose in the Bank of Pender at the time of the closing of said bank on 6 January, 1932, and said sum was further declared to be a lien upon the assets of the bank, and the Commissioner of Banks ordered to pay said sum in full before making payment to unsecured creditors.

From judgment so signed the defendant appealed.

*Clifton L. Moore for plaintiff.*
*R. G. Johnson for defendant.*

BROGDEN, J. The only question of law is whether the facts create a preference.

The plaintiff insists that the facts disclose that he had on checking account $3,156.75, and that he was anxious to purchase $2,000 worth of Liberty Bonds with this money. Thereupon he went to the bank and drew a check on his account, payable to the bank, for the sum of $2,000, and presented the check to an official of the bank, who agreed to use the proceeds of same, to wit, the sum of $2,000, for the sole and exclusive purpose of purchasing Liberty Bonds. Therefore, the plaintiff says that in legal effect he presented his check at the window, received $2,000 in cash, and redeposited the money in the bank as a special deposit for the sole purpose of buying Liberty Bonds, and hence he is entitled to a preference. The identical contention was made in *Blakey v. Brinson,* 286 U. S., 254, 76 L. Ed., 1089, and it was intimated that such position found support in the authorities and "might afford a basis for the inference that respondent no longer content with the rôle of creditor, had sought to establish a trust fund."

Upon the other hand the defendant insists that the plaintiff had $3,156.75 in the bank and was desirous of using a portion of said fund for the purpose of purchasing Liberty Bonds; that while he drew a check payable to the bank and presented it to another official of the bank that this transaction was in effect a mere shifting of credit in the bank affecting the identical sum of money then to the credit of the plaintiff, and that no act was done which separated the $2,000 from the mass of the deposit, and that in truth the giving of the check, under the circumstances, disclosed by the record was merely an incident of using funds in the bank to buy Liberty Bonds, and that no new money whatever went into the bank to swell its assets.

Although there is wide divergence among the textwriters and courts of last resort in interpreting the law of preference, the view taken by the defendant is in accord with the former pronouncement of the court upon the subject. *Parker v. Trust Co.,* 202 N. C., 230, 162 S. E., 564; *Williams v. Hood,* 204 N. C., 140; *In re Bank of Pender,* 204 N. C., 143; *Flack v. Hood,* 204 N. C., 337; 82 A. L. R., 46, *et seq.* The plaintiff is entitled to judgment but not to a preference.

Modified and affirmed.