W. V. MARSHALL v. BANK OF BEAUFORT, H. H. TAYLOR, LIQUIDATING AGENT, C. I. TAYLOR, LIQUIDATING AGENT, AND GURNEY P. HOOD, COMMISSIONER OF BANKS.

(Filed 2 May, 1934.)

1. **Appeal and Error J c—**

   Where the parties waive a jury trial, the findings of fact by the court are as conclusive as a verdict of the jury.

2. **Banks and Banking H e—Claimant held not entitled to preference in assets of insolvent bank under facts of this case.**

   Plaintiff wrote a check on his savings deposit in a bank and gave same to the bank cashier with instructions to purchase for him North Carolina bonds. The cashier wrote a receipt, which plaintiff accepted, stating that the check had been received and that the bonds were to be delivered to plaintiff upon demand and the surrender of the receipt and that the check was not to be entered on plaintiff's book until the bonds were delivered. Upon repeated demands for the delivery of the bonds, the cashier informed plaintiff that delivery was not convenient, and sometime after receipt of the check the bank became insolvent without ever charging plaintiff's savings account with the check or delivering the bonds: *Held,* under the terms of the receipt the parties contemplated no change in their relations until the delivery of the bonds, and as the simple relation of debtor and creditor existed between the parties at the time of the closing of the bank, plaintiff is not entitled to a preference in the bank's assets.

APPEAL by plaintiff from *Frizzelle, J.,* at December Term, 1933, of CARTERET. Affirmed.

The plaintiff brought suit to declare his claim of $8,000 against the Bank of Beaufort a first lien or preference on the assets of the bank. The parties waived a trial by jury and agreed that the court should find the facts, which as found are set out in the judgment as follows:

1. On 6 April, 1929, and theretofore and thereafter until 15 September, 1931, the Bank of Beaufort was a banking corporation at Beaufort, N. C., and J. A. Hornaday was at all times its cashier.

2. On 6 April, 1929, plaintiff had a deposit in said bank of more than $8,000 and on said date drew his check for $8,000 on said savings account in words and figures, viz.:

"Beaufort, N. C., 4/6, 1929. No..... ... Savings department. The Bank of Beaufort, 66-183. Pay to the order of the Bank of Beaufort $8,000—eight thousand dollars—bonds of North Carolina, W. V. Marshall; and delivered said check to Hornaday, cashier, for the purchase of $8,000 worth of tax free bonds of the State of North Carolina; and at said time said cashier delivered to said plaintiff a receipt in words and figures as follows:

"The Bank of Beaufort, Beaufort, N. C., 6 April, 1929. Received of W. V. Marshall check for eight thousand dollars on savings account for investment in tax free bonds of the State of North Carolina. The bonds to be delivered to him upon demand and the surrender of this receipt and record of the check for $8,000 to be entered on his book only when the bonds are delivered. The Bank of Beaufort, by J. A. Hornaday, cashier"; which receipt plaintiff still holds; a copy of said receipt attached to said check came into the hands of the liquidating agent of said bank.

3. Plaintiff, from time to time, made deposits and drew on his said account, but at no time during period was the balance less than $8,200.

4. After 6 April, 1929, the plaintiff called at the bank and asked that the North Carolina bonds be gotten and delivered to him, but was advised that delivery was not then convenient; and thereafter plaintiff repeatedly called at the said bank for said bonds, but was repeatedly advised by the cashier that delivery was not convenient; and the said bonds were not delivered.

5. Said bank became insolvent on and after 15 September, 1931, and thereafter plaintiff called at the bank requesting the bonds to be delivered, but was advised that there were no bonds in the bank belonging to him but there was a saving account in the sum of $8,000; and being ignorant of the law and being advised by the liquidating agent to file a claim, he did file a claim for his deposit, intending to file a claim for the $8,000 North Carolina bonds.

6. The check for the $8,000, dated 6 April, 1929, has never been charged to plaintiff nor entered on his savings book. The books of the bank show savings deposit to plaintiff's credit at closing, of $8,949.78.

Upon the foregoing facts the court adjudged that the plaintiff is not entitled to a preference in the distribution of the assets of the bank but only to a general claim in like manner with other creditors. The plaintiff excepted and appealed.

*E. W. Hill and W. B. R. Guion for plaintiff.*
*Julius F. Duncan for defendants.*

ADAMS, J. The controversy must be determined upon the facts found by the court, which are no less conclusive than the verdict of a jury. When the plaintiff delivered his check for $8,000 to the cashier for the purchase of State bonds, the bank gave the plaintiff a receipt in which it was stipulated that the bonds should be delivered to him upon demand and upon his surrender of the receipt, and that record of the check should be entered on his book only when the bonds were placed in his hands. The parties evidently contemplated no change in the relation previously existing between them until the bonds were turned over to the plaintiff. The simple relation of debtor and creditor does not constitute a preference. *Williams v. Hood, Comr.*, 204 N. C., 140. There is no finding that the plaintiff actually withdrew any funds from the savings department and then gave them to the bank under a specific agreement that the money was to be used in purchasing the bonds. *Blakey v. Brinson*, 286 U. S., 254, 76 L. Ed., 1089. Indeed, the findings of fact set out in the judgment are wanting in about all the indicia by which a trust deposit or a deposit for a specific purpose is usually established. *Parker v. Trust Co.*, 202 N. C., 230. According to all the recent decisions of this Court dealing with the subject the judgment should be affirmed. *Dupree v. Harrell*, 205 N. C., 595; *In re Bank of Pender*, 204 N. C., 143; *Bank v. Corp. Com.*, 201 N. C., 381.

Affirmed.