The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois, v. Lincoln Trust and Savings Bank.
Patrick DeMichele, Intervening Petitioner, Appellee, v. William L. O'Connell, as Receiver of Lincoln Trust and Savings Bank, Appellant.

Gen. No. 37,791.

Opinion filed January 28, 1935.

IGOE & FLAHERTY, of Chicago, for appellant; GEORGE H. MASON and BERNARD M. FITZGERALD, both of Chicago, of counsel.

N. ROTHBLUM, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Patrick DeMichele filed his intervening petition in the above entitled cause seeking to have his claim on

checks for $10,000 and $1,870 allowed as a preferred claim; the master in chancery reported against him but the chancellor sustained exceptions and entered a decree allowing a preferred claim for the amount of the checks. The receiver appeals.

The intervening petition alleges that on April 14, 1931, the Sunnyside Oil Company, a depositor in the Lincoln Trust and Savings Bank, drew its check to its own order for $10,000 and indorsed and delivered it to Henry Lueders, who caused the check to be certified by the bank; Lueders then indorsed and delivered the check to the intervening petitioner who is now the bona fide owner and holder of the check. The petition alleges that immediately on the certification the bank appropriated $10,000 of the moneys on deposit with it to the credit of the Sunnyside Oil Company and set aside this amount for the payment of the check, and that this amount was held in trust by the bank for the benefit of the holder of the check.

The petitioner further alleges that on April 13, 1931, he was a depositor in said bank and on that date issued his check to the DeSoto Motor Corporation for $1,870, and on the same day caused it to be certified by the bank; that it was delivered to the payee on April 14th and indorsed by it and deposited to its credit at Detroit, Michigan; that neither of said checks was ever paid, as the bank closed and ceased doing business on April 15, 1931; that by reason of this petitioner was obliged to pay the amount of the check to the DeSoto Motor Corporation and petitioner is now the owner and holder of this check; that upon the certification of the last mentioned check the amount of $1,870 was appropriated and set aside out of the moneys on deposit to the credit of petitioner, and that said sum was thereupon held in trust by the bank for the benefit of the holder.

The master found the facts as alleged in the petition, and the certificate of evidence shows that on the day the check for $10,000 was drawn the bank made out a debit slip against the Sunnyside Oil Company for $10,000, which was marked paid on that date and delivered to the depositor, and that a similar debit slip was made out April 13th for the $1,870 against the petitioner's account with the bank, which was marked paid on that date. This slip also was delivered to the depositor.

It should be noted that these claims arose before the Act of 1931 went into effect on July 8, 1931, wherein it is provided that under the circumstances above narrated the holder of a certified check is entitled to a preferred claim. Ch. 16a, ¶ 37, Illinois Statutes (Cahill) 1931.

The appealing receiver argues that the amounts of checks certified before this statute went into effect are not entitled to a preference, while the intervening petitioner argues to the contrary. A large number of cases can be cited holding in accordance with each view.

The statute above referred to is almost a copy of a similar statute enacted in the State of New York. (Neg. Inst. Law of N. Y., subdivision 2, sec. 350-1.) *In re Jayne v. Mason,* 251 N. Y. S. 768, indicates that the purpose of the act was to establish the rule of law which had been the subject of conflict in judicial decisions. This opinion cites a considerable number of cases in which preferences have been allowed in the absence of statute, and also a number of cases holding to the contrary. Some of these cases are cited in the briefs before us but we do not think it necessary to comment upon them for the reason that this court is already committed to the opinion that the holder of a certified check under similar circumstances as above is not entitled to a preferred claim. *People ex rel.*

*Nelson v. Builders & Merchants Bank,* 264 Ill. App. 388.

In that case the intervening petitioner, Osterlind, withdrew something over $4,000 from his savings account and requested a cashier's check for this amount, which was given to him; the savings account was charged with the amount of this withdrawal and the cashier's check-stub ledger showed the issuance of the check for this amount; two days thereafter the bank failed to open; the cashier's check given to the petitioner was deposited in another bank and was not paid. The petitioner's theory in that case was that by the withdrawal of the money from his account and the purchase of a cashier's check a trust was created in favor of the holder of the check. The receiver argued that the cashier's check was merely an evidence of the type of the deposit, being no different from money in the savings account from which the amount had just been deducted. We rested our opinion upon *Clark v. Chicago Title & Trust Co.,* 85 Ill. App. 293, affirmed in 186 Ill. 440. That case involved a cashier's check. The Supreme Court said that this was, in legal effect, the same as a certified check. The opinion also said, quoting from the opinion of the Appellate Court: "The drawing of the cashier's check, even if it changed the form of indebtedness, did not change the fact. The Globe Savings Bank was still indebted to the appellant for the $3,000 represented by its cashier's check. There was no change in the nature of the debt. The only change was in the evidence of it."

In our opinion in the *Osterlind* case we held that the transaction did not create a trust; that there was merely a change in form of the evidence of indebtedness—that is, a change from money in the depositor's account to a cashier's check. The same is true in the instant case. There was merely a change of money from the depositor's account to a certified check of the bank.

Petition for certiorari in the *Osterlind* case was denied by the Supreme Court, 264 Ill. App. xiv. We must assume, then, that the Supreme Court was of the opinion we had correctly held that the intervening petitioner was entitled to his claim only as a general creditor. Our opinion in the *Osterlind* case is applicable to the facts in the instant case.

For the reasons stated we hold that the decree entered by the chancellor is erroneous. It is therefore reversed and the cause is remanded with instructions to overrule the exceptions to the master's report and to enter a decree in accordance with its recommendation.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.