```
78   339
s87  364
```

## Carlinville National Bank v. George W. Wilson.

1.  BANKS AND BANKING—*Receiving Checks for Transmission and Collection.*—Where a bank receives a check for transmission and collection, in the absence of an agreement to be responsible at all events, it fully discharges its duty by sending the check to a competent, reliable agent with proper instructions for its collection.    Then the agent selected becomes the agent of the owner of the check, and not of the bank sending it.

Assumpsit, on the money counts.    Trial in the Circuit Court of Macoupin County; the Hon. JAMES A. CREIGHTON, Judge, presiding.    Hearing and judgment for defendant.    Appeal by plaintiff.    Heard in this court at the May term, 1898.    Reversed and remanded.    Opinion filed October 5, 1898.

RINAKER & RINAKER, attorneys for appellant.

Two conflicting rules have been announced by the courts of the various States as to the rights and liabilities of collecting banks.

In several States and, perhaps, in the Supreme Court of the United States, what is known as the "New York rule" prevails, that is, that the receiving or forwarding bank is responsible for the act or default of any bank to which it may forward a collection, the latter bank being held to be a mere sub-agent of the forwarding bank.

In Illinois, however, and in a majority of the States, a different rule has been invariably followed. It is that, in the absence of an express agreement, the bank receiving from its depositor a check on an out of town bank for collection, is liable to him only for the selection of a responsible and suitable bank to make such collection; and when so selected, the bank chosen becomes the agent of the depositor only, and is directly responsible to the depositor for its negligence or default, if any is shown, and the forwarding bank is not responsible for any such negligence or default. See Waterloo Milling Co. v. Kuenster & Co., 158 Ill. 259, and cases cited; Drovers' National Bank v. Provision Co., 117 Ill. 100; Ætna Insurance Co. v. Alton City Bank, 25 Ill. 243; Anderson v. Alton National Bank, 59 Ill. App. 587; Mechem on Agency, Sec. 514, page 349; Morse on Banking, Second Edition, page 414, and Third Edition, chapter 17; No. 1 Am. & Eng. Ency., Second Edition, 979.

BELL & BURTON, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellant sued the appellee in the Circuit Court of Macoupin County in an action of assumpsit, filing a declaration containing the common money counts only, to which a plea of general issue was interposed; a jury was waived, case tried by court, finding and judgment for the appellee.

The appellant brings the case to this court and contends that the finding and judgment of the Circuit Court are contrary to the law and the evidence. There seems to be no dispute between counsel for appellant and counsel for appellee as to the facts shown on the trial.

It appeared that the appellant conducts a banking busi-

ness at Carlinville, Ill., and the appellee, one of its general depositors, on June 1, 1893, deposited with it a check for $300, dated May 30, 1893, signed by M. W. Clark, in favor of the appellee, on the Citizens' Bank of Gillespie, Ill. Carlinville is eighteen miles from Gillespie, sixty from St. Louis, Mo., and Gillespie is fifty miles from St. Louis.

When the appellee made this deposit he indorsed his name on the check and was given credit on his pass-book therefor; he had been for two years making such deposits and checking out, as he desired, against his account.

June 1, 1893, the appellant, according to its custom, sent the check "for collection" to its regular correspondent, the National Bank of Commerce, St. Louis, a responsible and suitable bank for that purpose. On June 2, 1893, the Bank of Commerce sent it "for collection" to the Globe National Bank, Chicago, its correspondent there, and the latter bank on June 3, 1893, sent it directly to the Citizens' Bank for payment, where it was received on June 5, 1893, and on June 7, 1893, the latter bank sent its own draft drawn on the National Bank of the Republic, St. Louis, its correspondent there, in payment therefor. This draft was received by the Globe National Bank at Chicago on June 8, 1893, and on June 9, 1893, the latter bank caused the draft to be presented to the National Bank of the Republic, St. Louis, Mo., when it was protested; the Citizens' Bank of Gillespie having failed on June 8, 1893. On June 7, 1893, the Citizens' Bank charged the account of M. W. Clark with the $300 check, he having more than that amount deposited there to his credit, and the check was stamped "Paid."

The appellant knew that appellee was solvent, and permitted him to check against his account before the checks he deposited were collected, so that by June 21, 1893, the appellee had drawn out all the funds he had to his credit in the bank of appellant, including this $300. June 22, 1893, the appellant received notice from its St. Louis correspondent that it had been unable to collect or recover the check from the Citizens' Bank, as it had failed, and asked and was reimbursed therefor. On same day the appellant notified

the appellee to the same effect, and called upon him to reimburse it for this $300, which he declined to do.

It was the practice of the appellant, in receiving checks from its depositors on out of town banks, to credit their account with same and permit them to draw against such deposits before the checks were collected, if they desired, and in case the checks were not collected to charge them back to the account of the depositors. No checks deposited by the appellee had ever been uncollected before.

It also appeared that checks received by appellant on out of town banks in the territory tributary for business to St. Louis, were sent to its correspondent bank in St. Louis "for collection," as was done with the $300 check deposited by the appellee.

Appellee contends, (1) that from these facts, the law is that appellant purchased the Clark check of $300, and therefore its loss under the circumstances falls upon the appellant; (2) that the appellant was negligent in sending the check to a St. Louis bank instead of to a suitable and responsible agent at Gillespie, the place where the check was payable; (3) that because the check was sent directly to the bank at Gillespie, which was to pay it, the appellant was negligent and must lose it.

While the contention of the appellant is that, from the facts, the law is that the appellant took the check from the appellee for collection, and was his agent for that purpose, and as such agent it selected a suitable and responsible bank at St. Louis, which, when so selected, became the agent of the appellee to make the collection, and if that bank in St. Louis negligently sent the check to a Chicago bank, which in turn negligently sent it to the paying bank, so that it was lost, then the negligent acts of the St. Louis and Chicago banks were the negligent acts of appellee's agent, and consequently his negligence.

Counsel for the appellee, on page six of their brief, say: "Some Illinois cases have, in substance, held that under the circumstances as above related, the bank becomes the collector and not the purchaser of the check; yet we trust we

Carlinville Nat. Bank v. Wilson.

may, with becoming deference, contend for what we regard as the sounder and better rule as announced by the Court of Appeals of New York, and other courts."

If we must follow the Illinois Supreme Court when it differs from the Court of Appeals of New York and other courts, on a question, as we think we must, then appellee's first contention must be determined against him.

As to appellee's second contention, we find that the Supreme Court of Illinois, commencing with the case of Ætna Ins. Co. v. Alton City Bank, 25 Ill. 243, decided that when a bank receives a check for transmission and collection, in the absence of an agreement to be responsible at all events, it has fully discharged its duty by sending the check to a suitable and responsible agent, with proper instructions for its collection; then the one selected becomes the agent of the owner of the check, and not of the bank sending it. And to the same effect are Anderson v. Alton National Bank, 59 Ill. App. 587, and Waterloo Milling Co. v. Kuenster & Co., 158 Ill. 259, and cases cited.

The learned counsel for the appellee contend with much skill, and cite a number of cases in line with the "New York rule," that because the appellant sent this check to a St. Louis bank, instead of a suitable and responsible collector at Gillespie, where it was payable, it was guilty of such negligence as precludes it from recovery, under the facts in this case. But we think, since it was shown that the appellee knew that there was no other bank at Gillespie except the one on which the check was drawn, and knew that St. Louis banks were the "clearing houses" for banks doing business in the locality where appellant and the Gillespie bank was situated and the appellee lived, and as it was made to appear further that it was the general practice of appellant, when receiving, for collection and deposit, checks on out of town banks from its depositors, to send such checks to its St. Louis correspondent for collection, made it proper to send the check in question through the same channel, and it was not negligent in so doing, and appellee can not complain on that account.

Besides, the appellee, when he intrusted his check to appellant, to be collected by it without compensation and without direction, is presumed to have impliedly authorized it to select a suitable and responsible agent at such place as was appellant's custom under the circumstances, since he knew there was no other bank at Gillespie, and that banks in that locality did business with St. Louis banks.

As to appellee's third contention, that the appellant was negligent because the Chicago bank sent the check direct to the paying bank at Gillespie, we will say that the act of the St. Louis bank in sending this check to the Chicago bank was the act of the agent of the appellee, and not of the appellant, as is expressly held in the Waterloo Milling Co. case, 158 Ill. 259, and the Anderson case, 59 Ill. App. 587. And so the negligent act of the Chicago bank in sending the check direct to the Gillespie bank for payment was not the act of an agent of the appellant, since the Chicago bank was selected by an agent of the appellee and was also the agent of the appellee.

Therefore we find that the contention of appellee is not in harmony with the decisions of the Supreme and Appellate Courts of Illinois, as announced in the cases above referred to, which we feel are of binding force upon us, notwithstanding the "New York rule," holding the contrary doctrine; which latter rule also has much to commend it, as reasoned out in the well written opinion in Allen v. Merchants Bank, 22 Wend. (N. Y.) 215.

Since the learned judge who tried this case in the Circuit Court seems to have followed, in his findings and judgment, the "New York rule," which is not in accordance with the law of the case as we find it to be, we think the judgment herein is contrary to the law and the evidence, as contended by the learned counsel for the appellant, and we therefore reverse it and remand the case to the Circuit Court of Macoupin County for a new trial. Reversed and remanded.