18    APPELLATE COURTS OF ILLINOIS.

Krueger v. First National Bank of Chicago, 217 Ill. App. 18.

## Herman H. Krueger, Receiver, Appellant, v. First National Bank of Chicago, Appellee.

### Gen. No. 25,787.

1.  BANKS AND BANKING, § 155*—*what is liability of bank forwarding draft for collection.* Where a draft is deposited with a bank for collection, and it transmits it to another bank for collection, the forwarding bank fully discharges its duty by transmitting the draft in due season to a suitable agent with necessary instructions, and such collecting bank becomes the agent of the holder of the draft and not of the forwarding bank with which it is first deposited for collection.

2.  BANKS AND BANKING, § 155*—*when forwarding bank not liable for acts of collecting bank.* A forwarding bank is not liable for any neglect or default of a collecting bank, to the holder of a draft.

3.  BANKS AND BANKING, § 154*—*when forwarding bank cannot hold funds of insolvent collecting bank.* Where a holder of a draft deposited it with a bank for collection, and such bank forwarded the draft for collection to another bank which was closed by the auditor for insolvency about a month after the draft had been collected, the collecting bank having falsely stated that it was not collected, the holder of the draft would have to proceed against the collecting bank by filing its claim, and when the forwarding bank sought to hold other money of the collecting bank, claiming a lien upon the same, the receiver of the collecting bank could recover such money, as the creditor could not indirectly obtain an advantage over other creditors.

4.  BANKS AND BANKING, § 152*—*nature of fund created by collection of draft forwarded for collection.* Where a draft is forwarded for collection and such collection is made, the proceeds become a trust fund for the benefit of the drawer of the draft, and where the fund can be identified he will be given a preference.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1919. Reversed and judgment in this court. Opinion filed March 8, 1920.

RATHJE, WESEMANN, HINCKLEY & BARNARD for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MILLER, STARR, BROWN, PACKARD & PECKHAM, for appellee; CHARLES L. COBB, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

By this appeal plaintiff seeks the reversal of a judgment of *nil capiat* in a suit tried by the court upon the common counts and plea of general issue. Plaintiff sought to recover $1,930.77.

The facts are stipulated. On April 11, 1917, Bozarth & Carter of Hebron, Nebraska, drew a draft for $1,930.77 on the Acme Milling Company of Chicago, payable to the order of Thayer County Bank on arrival of a carload of grain. The Thayer County Bank indorsed the draft generally, "Pay to any bank or banker" and forwarded it to the First National Bank of Chicago, the defendant, for collection and credit. The defendant received it on April 16, 1917, and in turn indorsed it to the order of the Auburn State Bank of Chicago and transmitted it to that bank with instructions to collect and remit to the defendant. At that time the Auburn State Bank was in good standing, its solvency not having been questioned, and was a customer of the defendant, maintaining an average deposit in excess of the draft in question.

The draft was duly received by the Auburn State Bank and presented to the Acme Milling Company, drawee, which accepted it, payable upon the arrival of the car. On April 26 the defendant inquired of the Auburn State Bank whether the draft had been paid and was told that the car had not yet arrived. On April 27 the draft was paid by the Acme Milling Company to the Auburn State Bank, which retained the money but did not report the collection to the defendant and never remitted the proceds to it. On May 2 the defendant again inquired about the draft and the Auburn State Bank falsely reported that it was still

unpaid, although it had in fact been paid 5 days before.

On the 21st day of May the Auburn State Bank was closed by the Auditor of Public Accounts of the State of Illinois on account of insolvency. On May 23 the defendant learned indirectly that the draft in question had been collected and thereupon on that day the defendant charged the amount of said collection, $1,930.77, against the deposit of the Auburn State Bank, the amount to its credit with the defendant then being in excess of the amount of the draft.

On May 28 a receiver for the Auburn State Bank was appointed by the circuit court; subsequently the defendant paid over to the receiver the balance to the credit of the Auburn State Bank but refused to pay the amount which it had charged to the Auburn State Bank on account of said collection, claiming it had a lien for this amount and that it had a right to set off this against the deposit of the Auburn State Bank. The receiver demanded payment of this sum but defendant still holds it in a special deposit.

The plaintiff denies the right of the defendant to retain the amount of this draft and brought this suit to recover the same, but upon trial the court found with the defendant. We are of the opinion that in so holding the court was in error.

In *Waterloo Milling Co. v. Kuenster*, 158 Ill. 259, it was held as the law in this State that where a draft upon a nonresident drawee is deposited with a bank for collection, which transmits it to another bank for collection, the forwarding bank fully discharges its duty by transmitting the draft in due season to a suitable agent with necessary instructions, and that such collecting bank becomes the agent of the holder of the draft and not of the forwarding bank with which it is first deposited for collection. In *Wilson v. Carlinville Nat. Bank*, 187 Ill. 222, it was said that it is the "long established and well settled rule of law in this State" that the forwarding bank is not liable to the

holder of a draft for any neglect or default of the collecting bank. Under the rule in this State the relation between the drawer of the draft and the collecting bank is that of creditor and debtor.

Applying this rule, if Bozarth & Carter, the drawer of the draft, wished to recover the amount of the draft it must proceed against the Auburn State Bank by filing its claim, which would be allowed, and the receiver ordered to pay it prorated with other creditors. Clearly the receiver would then be entitled to recover from the defendant the amount retained by it representing the collection of the draft. Why may not the receiver proceed now against the defendant to recover this fund so as to have assets with which to meet the claims of the creditors, including Bozarth & Carter? To deny this is to make possible a double deduction from the assets of the Auburn State Bank on account of the Bozarth & Carter claim.

Bozarth & Carter as a creditor of the Auburn State Bank is entitled only to prorate with other creditors. This action seeks indirectly to substitute the defendant as a creditor in its place, attempting thus to obtain payment of its claim in full, to the disadvantage of other creditors. In the *Waterloo Milling* case, *supra,* the drawer of the drafts deposited a series of drafts with the local bank. These were forwarded to a bank in another State for collection. Subsequently the collecting bank remitted to the forwarding bank its draft representing collections of some of the drafts which had been forwarded. The forwarding bank paid this amount to the drawer not knowing the collecting bank had failed in the meantime and that its draft was not good. The forwarding bank filed its claim for the amount of this draft against the bankrupt collecting bank, which was allowed and paid in an amount about $300 less than the full amount. In the suit brought by the drawer of the series of drafts against the forwarding bank to recover for the entire series, the

22    APPELLATE COURTS OF ILLINOIS.

Krueger v. First National Bank of Chicago, 217 Ill. App. 18.

court not only denied plaintiff's right of action against that bank but allowed the bank, on its plea of set-off, to recover from the drawer the difference between the dividend received from the bankrupt collecting bank and the amount paid by the forwarding bank to the drawer. This was upon the theory that under such circumstances the drawer is entitled only to prorate in the assets of the bankrupt and to no more. Pursuing this rule, we cannot hold that the drawer of the draft in the instant case may by indirection obtain an advantage which the law does not favor.

Furthermore, if Bozarth & Carter can by means of this action obtain payment of its claim in full, it will rest solely upon the irrelevant fact that the Auburn State Bank had an account with the defendant bank and the fortuitous circumstance that its credit balance was in excess of the amount of the draft. These casual circumstances cannot be sufficient reasons in law why Bozarth & Carter should be a preferred creditor.

Where a draft is forwarded for collection and remittance and the collection is made, the proceeds become a trust fund for the benefit of the drawer of the draft, and where the fund can be identified he will be given a preference. *People ex rel. Russell v. Auburn State Bank,* 215 Ill. App. 133, certiorari denied by Supreme Court. We find no precedent for the proceeding attempted in the instant case.

For the reasons above indicated, we hold that the judgment of the circuit court should be reversed and, as there is no dispute as to the facts, judgment will be entered in this court for the plaintiff and against the defendant for $1,930.77.

*Reversed and judgment in this court.*

MR. JUSTICES HOLDOM and DEVER concur.