The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois, v. Peoples Bank and Trust Company of Rockford, Illinois.

American Terrazzo & Tile Company, Appellant, v. Peoples Bank and Trust Company of Rockford, Illinois, Eugene Abegg, Receiver, Appellee.

Gen. No. 8,537.

40

the May term, 1932. Opinion filed October 18, 1932.

Heard in this court at

EARL S. HODGES, for appellant.

HALL & DUSHER, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Prior to June 11, 1931, Tolmie Bros., Inc., of Rockford, Illinois, was indebted to the American Terrazzo & Tile Company for tile work as subcontractor in a sum in excess of $10,000 and on such date delivered to such company its check in the sum of $10,000 drawn upon the Peoples Bank and Trust Company of Rockford, Illinois.

Upon receipt of this check the said company executed a partial waiver of lien and attached the same to the check and placed such check and its waiver of lien with the First National Bank of Springfield, Illinois for collection and remittance. On the same day the First National Bank of Springfield forwarded the check and waiver of lien to the Peoples Bank and

Trust Company of Rockford, Illinois, with its instructions to "remit and oblige." On June 13, 1931, the Peoples Bank and Trust Company honored the check and charged the same to the account of its depositor, Tolmie Bros., Inc., but instead of remitting in cash to the First National Bank of Springfield, Illinois, issued its draft upon the First National Bank of Chicago, Illinois, payable to the order of the First National Bank of Springfield, Illinois, for the said sum of $10,000.

On June 15, 1931, the First National Bank of Springfield, Illinois, sent this draft to the First National Bank of Chicago, Illinois, for payment but the same was returned with the notation appearing thereon "drawing account closed," although there was on deposit in the First National Bank of Chicago, Illinois, to the credit of the Peoples Bank and Trust Company of Rockford, Illinois, an amount in excess of the sum of $10,000.

At the close of the business on June 15, 1931, the Peoples Bank and Trust Company was closed by the auditor of public accounts of the State of Illinois.

The auditor took possession of such bank and on September 4, 1931, a receiver was designated and appointed by him. On September 19, 1931, such appointment was filed and appropriate notices for the filing of claims were given.

This suit was filed in the circuit court of Winnebago county to the October 1931 Term and a decree was entered confirming the appointment of the receiver.

On January 18, 1932, the American Terrazzo & Tile Company, appellant, hereinafter called petitioner, by leave of court, filed its intervening petition in such proceeding in the said court by which it alleged the indebtedness of Tolmie Bros., Inc., the receiving of the said check and all of the facts above set forth and further alleged that the said sum of $10,000 was

held by the said Peoples Bank and Trust Company and the receiver thereof as a trust fund for the use and benefit of the appellant and requested a decree directing payment thereof.

The receiver of the bank filed his answer admitting all of the facts alleged in the intervening petition, except he denied that the said sum of $10,000 constituted a trust fund and denied that the petitioner was entitled to a preferential claim therefor against the estate in his hands as such receiver.

This cause was heard by the court by agreement of the parties, upon the verified petition, answer and argument of counsel. The trial court entered a decree denying the preference but allowing the claim of the intervening petitioner as a general claim. It is from this decree that the petitioner herein has prosecuted this appeal.

The only question in this case is whether the bank held such fund in trust for petitioner. If the answer is no, the decree of the trial court must be affirmed, but if the answer is yes, the decree must be reversed.

The petitioner by depositing for collection the check so received with the Springfield National Bank created the relationship of principal and agent. (*Waterloo Milling Co. v. Kuenster & Co.*, 158 Ill. 259; *McClure & Taylor v. D. M. Osborne & Co.*, 86 Ill. App. 465; *Aetna Ins. Co. v. Alton City Bank*, 25 Ill. 243; *Carlinville Nat. Bank v. Wilson*, 78 Ill. App. 339.) The petitioner as principal delegated to such bank as its agent the duty to collect the money represented by such check. This bank, following what seems to be a banking custom, sent the check directly to the Peoples Bank and Trust Company with directions that "upon payment of this check kindly remit and oblige." By the sending of this check directly to the Peoples Bank and Trust Company, such bank, although the debtor of the maker of the check, became, for the purpose of the collection and remittance of the proceeds of

such check, a special agent of the petitioner (*Krueger v. First Nat. Bank of Chicago*, 217 Ill. App. 18; *Waterloo Milling Co. v. Kuenster & Co.*, 158 Ill. 259; *Carlinville Nat. Bank v. Wilson*, 78 Ill. App. 339) and such special agency continued until such time as the said Peoples Bank and Trust Company had performed its duty of transmitting the proceeds of such check to the First National Bank at Springfield, Illinois.

There can be no doubt that as between its depositor and a bank, the relationship of debtor and creditor exists. The depositor is the creditor of the bank in the amount he has on deposit and the bank is a debtor to such creditor for a like amount. Such relation existed as between Tolmie Bros., Inc., and the Peoples Bank and Trust Company. In this case, however, the petitioner was not and never had been a depositor of this bank and had no dealings with it whatever, except the presentation of such check through its bank for payment. The relationship of debtor and creditor in its general sense therefore did not exist as between the petitioner and the Peoples Bank and Trust Company.

Of course, anyone who holds the money of another is in a sense a debtor, but a debtor in such sense is not alone sufficient to create the relationship of debtor and creditor. The very substance of such a relationship is the fact that one party extends credit to another and such other accepts the credit.

No such state of facts exists in the case at bar. There was no intention on the part of the petitioner to extend credit to the bank. The check was sent to such bank for "payment and remittance." The acceptance of the check and charging it to the creditors', Tolmie Bros., Inc., account discharged the duty of payment as between the creditor, Tolmie Bros., Inc., and the bank, but the duty imposed upon such bank "to remit" was not discharged until such service was performed, and the failure of such bank to perform the

duty imposed by such special agency "to remit" does not have the effect of altering or changing the relationship created thereby to that of debtor and creditor.

The check had been forwarded for the sole purpose of "payment and remittance" and no action of the Peoples Bank and Trust Company alone could alter or change such purpose to some other relationship. If, therefore, the relationship is not changed, and we hold that it was not, then do the moneys—the proceeds of such check—constitute a trust fund for the benefit of the petitioner herein? This question was before the court in the case of *People v. Iuka State Bank,* 229 Ill. App. 4, and it was there held "that when the paper is sent for collection under expressed terms to 'collect and remit' then the money when collected is in the hands of the bank a trust fund." (*National Life Ins. Co. v. Mather,* 118 Ill. App. 491; *People v. Auburn State Bank,* 215 Ill. App. 133; *Krueger v. First Nat. Bank of Chicago,* 217 Ill. App. 18.) Again in the case of *People v. Auburn State Bank, supra,* it was held "that where a draft is forwarded for collection and remittance, and the collection is made, the proceeds become a trust fund for the benefit of the forwarder." (*Goshorn v. Murray,* 197 Fed. 407; *National Life Ins. Co. v. Mather, supra.*)

Thus it must be held that the proceeds of such check was a trust fund in the hands of the Peoples Bank and Trust Company for the use and benefit of the petitioner herein.

It is said on behalf of the receiver herein that the issuance of the draft to the First National Bank of Springfield, Illinois, did not change the relationship of the parties but only changed the evidence of it and in support of it is cited the case of *People ex rel. Nelson v. Builders and Merchants Bank and Trust Co.,* 264 Ill. App. 388, and *Clark v. Chicago Title & Trust Co.,* 186 Ill. 440.

In the *Builders and Merchants Bank* case the petitioner was and had been a depositor with the bank and as such depositor there existed between him and the bank the relationship of debtor and creditor, petitioner being the creditor of the bank to the amount of the balance of his deposit account and the bank being the debtor to him in a like amount.

Immediately prior to the failure of the bank the petitioner presented a withdrawal slip to the bank for the sum of $4,778.18 and requested and received a cashier's check for such amount. Two days later the bank failed. The cashier's check given to the petitioner in that case was deposited by him in another bank but was not paid and it was held in such case that under the circumstances there was merely a change in the form of the evidence of indebtedness, namely, a change from a deposit in the savings account to a cashier's check. The relationship of debtor and creditor, which had before existed when he was a depositor, was continued when he requested and received the cashier's check.

Substantially the same facts existed in the case of *Clark v. Chicago Title & Trust Co.*, 186 Ill. 440, and the court reached the same conclusion, quoting and following *Clark v. Chicago Title & Trust Co.*, 85 Ill. App. 293 (pages 295, 296) where the same case was decided in the Appellate Court: "The drawing of the cashier's check, even if it changed the form of indebtedness, did not change the fact. The Globe Savings Bank was still indebted to the appellant for $3,000 represented by its cashier's check. There was no change in the nature of the debt. The only change was in the evidence of it. . . . Appellant's counsel insist that 'it is not a question of preference. It is a question of title to money—to whom does it belong?' A creditor is entitled to money due him from any debtor. In a sense the money due belongs to him, but that fact

does not change—it establishes—the relation of debtor and creditor, and subjects the parties to the rules of law governing that relation." It is very apparent that the principle presented in these cases has no application whatever to the case at bar.

It is said by the receiver of the Peoples Bank and Trust Company that there can be no trust without "some *res.*" This is, perhaps, a correct statement but it has no application to the facts in this case because the Peoples Bank and Trust Company, and afterward the receiver, was in actual possession of a sum of $10,000 which was the property of the petitioner and not the property of the bank.

The petitioner caused the check to be forwarded to the Peoples Bank and Trust Company "for payment and remittance"—not for other evidence of indebtedness—and immediately upon the acceptance of the Tolmie Bros. check, the money—not another check—became the property of and payable to the petitioner and the failure of the Peoples Bank to pay over the money had the effect of allowing the sum of $10,000 not its property to remain in its possession. And the retention of such moneys by the bank constituted the "*res*" of the trust created. The issuance and delivery of the draft did not constitute payment and was not delivery of the fund in accordance with the directions sent with the check.

"The modern and more equitable doctrine permits the recovery of a trust fund from one not an innocent purchaser, and into any shape into which it may have been transmuted, provided he can establish the fact that it is his property, or the proceeds of his property, or that his property has gone into it and remains in a mass from which it cannot be distinguished." (*Macy v. Roedenbeck*, 227 Fed. 346.)

It is true, as contended by the receiver herein, that the issuance of the check by Tolmie Bros., Inc., did not operate as an assignment of any of its funds in

the bank to the appellant and it is provided by statute in this State that "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." (Cahill's Illinois Revised Statutes 1931, ch. 98, ¶ 210.)

The acceptance of the Tolmie Bros., Inc., check, however, by the Peoples Bank and Trust Company and charging it to such depositor's account was more than an assignment. It was a completed act as between itself and Tolmie Bros., Inc., and such completed act operated to transfer title to that sum of the money held by the Peoples Bank and Trust Company for its depositor, Tolmie Bros., Inc., to such bank in trust for the petitioner herein and the petitioner became immediately entitled to possession of the money. The Peoples Bank as a debtor of Tolmie Bros., Inc., paid that portion of its debt by the acceptance of the check and taking credit therefor by charging same to the account of its depositor. This is true regardless of the fact that the sum of $10,000 may not have been separated from the other moneys held by the bank.

In *Macy v. Roedenbeck*, 227 Fed. 346, page 355, the court said "That the bank was an agent in making the collection. When it had made the collection, it held it in trust. If it mingled it with its own funds, the trust attached *pro tanto* to the funds."

In *People v. Auburn State Bank*, 215 Ill. App. 133, page 137, the court in quoting Story on Equity Jurisprudence, stated the rule to be: "The general proposition which is maintained both at law and in equity upon this subject is, that if any property in its original state and form is covered with a trust in favor of the principal, no change of that state and form can divest it of such trust or give the agent or trustee converting it, or those who represent him any more valid claim in respect to it than they respectively had before such

change. An abuse of a trust can confer no rights on the party abusing it or on those who claim in privity with him. This principle is fully recognized at law, in all cases where it is susceptible of being brought out, as a ground of action or of defense. In courts of equity it is adopted with a universality of application.''

The petitioner did not at any time authorize or consent to any disposition of this fund by the Peoples Bank and Trust Company other than remittance. The proceeds of the check were to be remitted in accordance with the directions given when the check was forwarded for payment, and under such circumstances the Peoples Bank and Trust Company could not escape its liability by the issuance of its check upon another bank and the receiver of such bank stands in the same position as to the matter as the bank itself. (*National Life Ins. Co. v. Mather, supra; Link Belt Mach. Co. v. Hughes,* 174 Ill. 155; *Union Trust Co. v. Trumbull,* 137 Ill. 146.)

We are of the opinion and so hold that the facts in this case clearly establish that this money was held in trust by the Peoples Bank and Trust Company of Rockford, Illinois, for the use and benefit of the appellant and that upon the appointment of a receiver therefor the trust fund so held for the use and benefit of the petitioner passed into the hands of the receiver and that the receiver now holds such fund in trust for the use and benefit of the petitioner.

The decree of the circuit court of Winnebago county is reversed and the cause remanded to the trial court with directions to enter a finding that appellant is entitled to a preferred claim over the general creditors against the moneys of the Peoples Bank and Trust Company of Rockford, Illinois, which passed to the receiver, which was due it from other banks at the time of its failure. (*People v. Iuka State Bank, supra.*)

*Reversed and remanded with directions.*