The People of the State of Illinois ex rel. Oscar Nelson, Complainant, v. State Bank of Warren, Defendant.

Appeal of Petitioner, City of Rockford, Appellant, v. Roy F. Pillmore, Receiver of the State Bank of Warren, Appellee.

Gen. No. 8,595.

Opinion filed February 23, 1933. Rehearing denied May 2, 1933.

WILBUR E. JOHNSON and DAVID D. MADDEN, for appellant.

C. W. MIDDLEKAUFF, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

One R. F. Johnson, city treasurer of the City of Rockford, on July 8, 1930, sent a letter to the village treasurer of Warren, Illinois, inclosing therein paving bonds in the amount of $3,800 and coupons in the amount of $370, totaling $4,170 in which letter the city treasurer of Rockford stated: ''Will you kindly favor us with a remittance on these bonds direct to the undersigned. City Treasurer of Rockford, Illinois.''

One Carson was at that time the treasurer of the Village of Warren and was also president of the State Bank of Warren. The assistant cashier of the bank was Mabel Paul, and she at that time was also special collector for the Village of Warren. The special collector carried an account with the State Bank of Warren under the name ''Special Paving Fund.'' On

July 12, 1930, as such special collector, she drew a check against this account for $4,170 and as assistant cashier of the State Bank of Warren, upon receipt of this check, drew a draft on the State Bank of Warren, payable to the Rockford National Bank and drawn on the Continental Illinois Bank & Trust Company of Chicago for $4,170 which was the exact amount due for paving bonds and coupons.

This draft was forwarded to the Rockford National Bank, together with the letter sent to the Village treasurer of Warren by the city treasurer of Rockford hereinabove referred to. The draft was indorsed by the Rockford National Bank to the Continental Illinois Bank & Trust Company and was deposited for collection. The auditor of public accounts closed the State Bank of Warren on July 14, 1930, before the draft aforesaid had been paid. The Continental Illinois Bank & Trust Company protested said draft and returned it to the Rockford National Bank, after which it was charged against the City of Rockford by the said Rockford National Bank. It does not appear that the Rockford National Bank ever had any interest in the draft aforesaid. The City of Rockford, the petitioner herein, filed its claim with the receiver of the State Bank of Warren for the amount of said draft, asking that it be allowed as a preferred claim and also filed its intervening petition in the case of *People of the State of Illinois ex rel. Oscar Nelson v. State Bank of Warren,* which was pending in the circuit court of Jo Daviess county. The State Bank of Warren, at the time it was closed, had sufficient cash in its vaults and on deposit with correspondent banks to pay said draft. After a hearing on the claim, the trial court entered an order denying the petition filed by the City of Rockford for the allowance of its claim as preferred, but did allow it as a common claim. The petitioner excepted to this order and brought this appeal to this court.

The question arises in this cause as to whether or not the relation of debtor and creditor existed between the State Bank of Warren and the City of Rockford, or whether the relation of trustee and *cestui que trust* existed between them.

There seems to be no dispute as to the facts in this case and upon a proper answer to the question raised herein depends the ultimate decision as to the law. This court in a very recent case decided October 18, 1932, entitled *People ex rel. Nelson v. Peoples Bank & Trust Co.*, 268 Ill. App. 39, had before it a set of facts very similar to the instant case and is of the opinion that it, together with the decisions therein referred to, are decisive of the questions raised here.

Generally, it is true that the relationship of the debtor and creditor exists between a bank and its depositor, but we have no such relationship here. The City of Rockford was not a depositor in the State Bank of Warren; its deposit account was with the Rockford National Bank. When the State Bank of Warren, through its assistant cashier, cashed the check against the special paving fund and issued in lieu thereof the draft payable to the Rockford National Bank the State Bank of Warren became trustee for this fund until it was paid to the City of Rockford in accordance with the express directions contained in the letter of transmittal, accompanying the bonds sent for collection. The State Bank of Warren saw this letter sent to the village treasurer. This is evidenced by the fact that when it sent the draft to the Rockford National Bank, it returned with the draft the letter from the City of Rockford through its treasurer and therefore had notice of its contents and in our opinion accepted the trust to deliver the funds to the City of Rockford.

There was no intention, so far as this record discloses, on the part of petitioner, the City of Rockford, to extend credit to the State Bank of Warren. The

bonds were sent to the village treasurer for "remittance direct to the City Treasurer" and the State Bank of Warren was charged with the trust of safely delivering the funds to the City of Rockford and the duty thus imposed was not discharged until such service was performed.

The bonds had been forwarded for the sole purpose of remittance direct to the city treasurer of Rockford and neither the village treasurer of Warren nor the State Bank of Warren, which had notice of these directions, could change the trust thus imposed to some other relationship and the funds clearly became a trust fund for the benefit of the petitioner in this case.

It appears from the record that the State Bank of Warren had on hand at the time it was closed approximately $40,000 in cash, items in transit and credits from other banks and when the check on the special paving account was paid, the amount in funds thereof increased the assets of the bank in that amount and therefore became a trust fund held for the benefit of the petitioner herein. The court in *People v. Auburn State Bank,* 215 Ill. App. 133, page 137, quoting Story on Equity Jurisprudence, announced the rule to be "The general proposition which is maintained both at law and in equity upon this subject is, that if any property in its original state and form is covered with a trust in favor of the principal, no change of that state and form can divest it of such trust or give the agent or trustee converting it or those who represent him any more valid claim in respect to it than they respectively had before such change."

The City of Rockford did not authorize or consent to any disposition of the funds other than remittance. The proceeds of the bonds were to be remitted, as directed in the letter of transmittal and this liability could not be escaped by the issuance of a draft by the State Bank of Warren upon another Bank and it follows that the receiver of the State Bank of Warren

stands in the same position with reference to this matter as the Bank itself. (*National Life Ins. Co. v. Mather*, 118 Ill. App. 491.) *Link Belt Machinery Co. v. Hughes*, 174 Ill. 155; *Union Trust Co. v. Trumbull*, 137 Ill. 146.

We are of the opinion and so hold that the facts in this case established that the money in the amount of $4,170 was held in trust by the State Bank of Warren for the benefit of petitioner and that the receiver thereafter appointed for said bank held the trust fund for the benefit of petitioner as it passed into his hands as such receiver, and that he now holds such fund in trust for the use and benefit of petitioner.

The decree of the circuit court of Jo Daviess county is reversed and the cause remanded to the trial court with directions to enter a finding that petitioner is entitled to a preferred claim, together with others of like class, over the general creditors against the money of the State Bank of Warren as passed to the receiver, which was due it from other banks at the time of its failure. *People v. Iuka State Bank*, 229 Ill. App. 4; *People ex rel. Nelson v. Peoples Bank & Trust Co. (supra)*.

*Reversed and remanded with directions.*