The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts, v. Bank of Rushville.

Carrie Shields, Executrix of the Estate of R. O. Shields, Deceased, Intervenor-Appellee, v. Henry W. Lade-wig, Receiver of Bank of Rushville, Appellant.

William H. Fahnestock, Intervenor-Appellee, v. Henry W. Ladewig, Receiver of Bank of Rushville, Ap-pellant.

R. W. Noble and Thomas Noble, Trading as Noble & Son, Intervenor-Appellee, v. Henry W. Ladewig, Receiver of Bank of Rushville, Appellant.

Gen. No. 8,711.

Opinion filed April 11, 1933.

C. EDWARD FLESHER and OSCAR J. PUTTING, for appellant.

O. D. ARNOLD, for appellees; WM. J. LONG, of counsel.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

This is an appeal from three decrees rendered in the circuit court of Schuyler county on three separate intervening petitions which have no relation with each other except that they are similar as to points of fact and law. By stipulation of the parties the records of the three cases were consolidated into one record for the purpose of convenience and expedition in the disposition thereof. In a suit brought by the auditor of public accounts appellant was confirmed as receiver of the Bank of Rushville and the intervening petitions of the respective appellees were filed in said liquida-

tion suit for the purpose of having their respective claims declared preferences as against the general creditors of the bank. An answer was filed by the receiver to each intervening petition denying that said claims should be classed as preferred. The evidence was presented to the chancellor upon a stipulation of facts under each intervening petition.

In the petition of Carrie Shields, executrix of the last will of R. O. Shields, deceased, it was stipulated that on January 13, 1931, H. C. Rinehart drew a check upon the Bank of Rushville in the sum of $344.05 payable to R. O. Shields as payee; Shields deposited the check in the Farmers State Bank of Mount Sterling for collection on January 14, 1931; the Farmers State Bank forwarded the check to the First National Bank of Chicago for collection and the First National Bank indorsed the check and forwarded it to the Bank of Rushville for collection and remittance; the Bank of Rushville received the check on January 16, 1931, and stamped it "Paid," debited the account of Rinehart, the maker of the check, with the sum of $344.05 and returned the check to said Rinehart, and on this same day the Bank of Rushville drew a draft on the First National Bank of Chicago payable to the First National Bank of Chicago which draft was presented to the First National Bank of Chicago January 19, 1931, and was dishonored and not paid by the First National Bank of Chicago; in the meantime, on January 17, 1931 the Bank of Rushville closed its doors and subsequently R. O. Shields died testate and his widow, appellee, was appointed executrix of his last will. At the time the check was made Rinehart had sufficient funds in the bank to pay the same.

In regard to the petition of appellee William H. Fahnestock, it was stipulated that on January 14, 1931, Fahnestock drew a check on the Bank of Rushville in the sum of $41.20, payable to the order of the Abraham Lincoln Life Insurance Company and delivered the

check to said insurance company which indorsed the same and deposited it in the First National Bank of Springfield, for collection on the same day; the First National Bank of Springfield forwarded the check to the Federal Reserve Bank of Chicago for collection and on January 15, the latter bank indorsed the check and forwarded it to the Bank of Rushville for collection and remittance; on January 16 the Bank of Rushville received the check, stamped it "Paid," debited the account of Fahnestock with the amount of the check, and returned the check to the maker, Fahnestock. At the time this check was executed Fahnestock had in his account in the Bank of Rushville a sufficient sum of money to pay the same. On January 16, the Bank of Rushville issued a draft drawn upon the First National Bank of Chicago, payable to the Federal Reserve Bank of Chicago which was presented to the First National Bank of Chicago January 19, when the payment was refused and the draft dishonored. On March 11, 1932, the Abraham Lincoln Life Insurance Company assigned to said Fahnestock all its right, title and interest to any claim they had against the Bank of Rushville on account of said check.

In regard to the petition of appellee Noble & Son, it was stipulated that the partnership of Noble & Son on January 12, 1931, drew a check upon the Bank of Rushville in the sum of $37.02 payable to Retail Merchants Mutual Insurance Company; the check was delivered to said insurance company on January 14, 1931, and was indorsed by the latter and deposited in the Commercial Merchants National Bank & Trust Company of Peoria for collection; this latter bank forwarded the check to the Federal Reserve Bank of Chicago for collection and on January 15, 1931, said Federal Reserve Bank indorsed the check and forwarded it to the Bank of Rushville for collection and remittance; on January 16, the Bank of Rushville received the check, stamped it "Paid" and debited the

account of Noble & Son with the sum of $37.02 and returned the check to the maker, Noble & Son; that from the time said check was drawn until the amount thereof was charged off against the account of Noble & Son in the Bank of Rushville, there was sufficient money in the account of Noble & Son to pay said check. On January 16, the Bank of Rushville drew a draft on the First National Bank of Chicago payable to the Federal Reserve Bank of Chicago and forwarded the same to said Federal Reserve Bank, which draft was presented to the latter bank on January 19, when payment was refused and the draft dishonored. On March 12, 1932, the insurance company assigned all of its right, title and interest which it might have against the Bank of Rushville on account of said check to Noble & Son; that at the time said check was drawn and continuing until after the amount thereof was debited against the account of Noble & Son, the latter had in its account in the Bank of Rushville a sufficient sum of money to pay said check.

The contentions of appellant are: (1) The relation between claimants and the Bank of Rushville was that of debtor and creditor; (2) where the assets of the bank have not been increased, and the whole transaction was merely a matter of bookkeeping, there can be no preferred claim, and (3) the Bank of Rushville was not the agent of claimants.

The claimants were strangers to the Bank of Rushville. They were not depositors in that bank and had had no business relations with it. When the bank received the check, marked it "Paid," debited the account of the maker with the bank in the amount of the check and returned it to the maker, the transaction between the maker and the bank as to the amount involved in the check was completed, the rights of the parties determined, and was not a mere matter of bookkeeping. While there might not have been by this procedure an

actual augmentation, in the strict sense of the word, of the assets of the bank, yet, in debiting the account of the maker of the check in the amount thereof, the bank's liability to the maker was reduced to the extent of the amount so debited and the assets of the bank in such amount were thereby indirectly enhanced. The bank never was a creditor of the maker of the check who was a depositor, but was the latter's debtor and its liability as such debtor was decreased in the amount of the check. The money represented by the check belonged to somebody and it certainly did not belong to the bank, as, to so hold, would amount to a fraud on the payee of the check. It must necessarily and logically follow that the bank held this money in trust for the payee of the check. In the case of *People ex rel. Nelson v. People's Bank & Trust Co.,* 268 Ill. App. 39, the court held upon a similar state of facts that a trust was created in favor of the payee of the check and the claim was entitled to preference. These conclusions are supported also by the following cases: *Bank of Poplar Bluff v. Millspaugh,* 313 Mo. 412; *Goodyear Tire & Rubber Co. v. Hanover State Bank,* 109 Kan. 772; *Messenger v. Carroll Trust & Savings Bank,* 193 Iowa 608; *Vermont Loan & Trust Co. v. First Nat. Bank,* 37 Wyo. 216; *Winkler v. Veigel,* 176 Minn. 384; *Skinner v. Porter,* 45 Idaho 530.

Complaint is also made that the decree is erroneous in that it directed ''such payment to be deferred until such time as it shall be determined by this court whether other creditors have equal priorities over general creditors to the fund out of which such payment is to be made.'' It is urged that a decree ordering a receiver to pay a preferred claim is erroneous if the evidence does not show that the bank liquidation has proceeded far enough to determine whether there would or would not have to be a *pro rata* distribution among the creditors. *Bates v. People ex rel. Nelson,*

265 Ill. App. 1. The decree specifically withholds the payment of these preferred claims until it shall be determined by the court whether creditors have equal priorities, and follows the rule laid down in the *Bates* case. There is no force to this alleged error.

The decree of the circuit court is affirmed.

*Affirmed.*