## Charles R. Groff, Appellee, v. Road District No. 4 of Edwards County, Illinois, Appellant.

Opinion filed September 18, 1933.

M. J. WHITE, for appellant.

CONGER & ELLIOTT, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

This was an action of assumpsit brought by Charles R. Groff, the appellee, against Road District No. 4 of Edwards county, Illinois, for the contract price of a gravel road constructed by appellee for appellant. The declaration consisted of the common counts and it was stipulated that all pleas available to the defendant would be considered as being filed. By agreement of the parties jury was waived and the cause submitted to the court. A written stipulation of facts was filed covering the greater part of the testimony. From

these it appeared that on March 12, 1930, appellee had completed a gravel road for appellant and was entitled to payment therefor in the sum of $817.38. In making settlement appellee was given two orders drawn on the treasurer of the road district, one for $794.13 and one for $23.07. Appellee took the two orders to B. W. Lucas, treasurer of the road district, who was also cashier of the First State Bank of Bone Gap, Illinois. Appellee indorsed the two orders and received in turn two ·checks covering the orders, each signed ''B. W. Lucas, Clk. Road Dist. No. 4, Edwards Co.'' each drawn on the Bone Gap State Bank. Appellee took both checks to his home at Grayville, Illinois, and deposited them to his credit in the Farmer's National Bank. On the ·same day, March 12, 1930, the Farmer's National Bank forwarded the two checks to Evansville, Indiana. From there they were forwarded to Chicago on March 13th, and in turn forwarded to the First National Bank of St. Louis on March 14th. On the 15th, the checks were sent direct to the First State Bank of Bone Gap. No action appears to have been taken by the Bone Gap Bank until March 18, three days after the checks left St. Louis. On the 18th, the cashier, who was also the drawer of the checks, stamped the checks ''Paid'' and made transfer on the books of the bank, debiting his own account as treasurer, and mailing to the St. Louis Bank a draft on the First National Bank of Mt. Carmel, Illinois, by way of payment of the two checks and another item in all aggregating the sum of $971.81.

On that date the statement shows the Bone Gap Bank had only $242.09 in cash on hand; and that its deposit in the Mt. Carmel bank was $810. On the evening of March 18, 1930, the First State Bank of Bone Gap closed its doors and turned the control of its affairs over to the State auditor. The deposit ledger shows that on the day the two checks were re-

ceived and stamped paid, defendant's account showed sufficient balance to pay the checks. The appellant contends that because of the apparent acceptance of the two checks by the cashier of the Bone Gap Bank, his stamping the same paid and charging them to the account of the drawer, the debt was discharged for the payment of which the checks were given. He relies upon the principle of law providing that when a check is presented, accepted and paid, it is then paid, and the bank cannot thereafter, without the consent of the drawer, make any other disposition of it. The case of *American Exchange Nat. Bank v. Gregg,* 138 Ill. 596, and cases cited from other jurisdictions fully support such general proposition of law, but in this case there are material facts which take it out of that rule. In the cases cited, the checks were paid while the drawee bank was in a solvent condition, and during the ordinary course of business. In the present case the bank was insolvent, the cashier was also the drawer of the checks and knew of the insolvency of the bank. He issued drafts in payment of the checks which he knew would not be paid for two reasons: First because of the immediate closing of the bank, and second, because the deposit in the Mt. Carmel bank was not sufficient to meet the draft issued and mailed to the St. Louis bank. Under these circumstances there was no valid payment of the checks, and the principle of law urged by appellant does not apply. The appellee had a right to insist that he was still the owner of the checks and that the debt was unpaid. *Exchange Bank of Wheeling v. Sutton Bank,* 78 Md. 577, 584. The judgment of the circuit court of Edwards county is therefore affirmed.

*Affirmed.*

ADDITIONAL OPINION FILED ON PETITION FOR REHEARING.

MURPHY, J.—Upon granting the petition for rehearing, the court filed the following additional opinion;

Appellant in its petition for rehearing contends that the former opinion of this court is in conflict with the opinion rendered by the Appellate Court of the Third District in the case of *People ex rel. Nelson v. Bank of Rushville,* 270 Ill. App. 416, which opinion was filed April 11, 1933. To this we cannot agree. The facts pointed out in the former opinion and which this court relied upon as taking this case out of the general rule therein recognized, also distinguishes it from the *Nelson* case, *supra.*

In reference to the other points raised by the petition for rehearing, we have examined the same and find that they have been fully covered by the former opinion.

We adhere to the former opinion and judgment is affirmed.

*Affirmed.*